1. **Verdict**: IMPEACHMENT OF BY AFFIDAVIT OF JURORS. The affidavits of jurors are not admissible to impeach their verdict by showing a mistake in calculation or error in judgment. Compare *Wright v. Ill. & M. Tel. Co.* 20 Iowa, 195, and *Hall v. Robison*, 25 Id., 93.

2. **New Trial**: MISTAKE OF JURY: PREJUDICE NOT SHOWN. If it be conceded that the jury made a mistake in assessing the damages in this case, it not being clear under the evidence that the mistake was prejudicial to defendants, this court cannot say that the trial court erred in refusing them a new trial.

*Appeal from Cedar District Court.*

THURSDAY, JUNE 11.

ACTION for money alleged to have been collected by defendants for plaintiff. The defendants denied that they collected as much as the plaintiff alleged, and set up two matters of counter-claim greatly exceeding the plaintiff's claim. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendants appeal.

*Piatt & Carr*, for appellants.

*Wolf & Landt*, for appellee.

ADAMS, J.—I. The first assignment of error is in these words: "The court erred in not setting aside the verdict, because there was error in assessment by jury in taking the amount for which the Stanwood property sold on execution from the amount found due on the Hibbard notes." The defendants pleaded as a counter-claim that the plaintiff was indebted to them as guarantor of two notes held by them, and executed by one Hibbard. They claim that the jury did not allow them as much upon these notes as they were entitled to; and that they fell into an error by deducting from the amount of the notes a certain amount which the defendants realized by the

sale of certain Stanwood property upon execution. This property had been mortgaged to secure the two guarantied notes and one other note held by defendants, and not guarantied, but which note matured before the guarantied notes did. Their theory is that the amount realized upon the execution sale made in pursuance of a foreclosure of the mortgage was applicable primarily upon the note first maturing; that it should be deemed as so applied; and that under such application there would be but a few dollars to be applied upon the guarantied notes; whereas they claim that the jury applied the whole amount upon these notes. There was no special finding, and the defendants, in order to show the basis of the verdict, obtained an affidavit from one of the jurors, which, if admissible, would tend to show that the verdict was found in the manner in which the defendants claim that it was. But the plaintiff claims that the affidavit was not admissible, and this probably was the view taken by the court below.

It is well settled that affidavits of jurors are not admissible to impeach their verdict by showing a mistake in calculation or error in judgment. The question of the admissibility of affidavits of jurors to impeach their verdict was considered in an elaborate opinion by Mr. Justice COLE in *Wright v. Illinois & M. Tel. Co.*, 20 Iowa, 195. See, also, *Hall v. Robison*, 25 Id., 93.

The affidavit in question was offered merely to show a mistake or an error in judgment, a matter inhering strictly in the verdict; and under the rule we think it was not admissible. The defendants contend, however, that, independently of what the affidavit shows, the verdict should be set aside. Their position is that upon no theory of the evidence can the verdict be regarded as correct. While they concede that the evidence was conflicting, and under it the jury might have rendered a verdict considerably less favorable to them than they did, yet, not having done so, they should have rendered a verdict considerably more favorable to them than they did.

The question of fact upon which the jury was called to pass under the conflicting evidence was as to the scope of the plaintiff's guaranty, which, while in writing, had become lost. He testified that he only guarantied the payment of the interest for one year, while the defendants testified that he guarantied the payment of the principal and all the interest. They insist that, if the jury made no improper deduction of the amount realized on the execution sale, they must have found that the guaranty was of something less than the principal and entire interest, and something more than the interest for one year. But, as they could not properly have done this, it is contended that they must have deducted the amount of the execution sale. It may be conceded that the jury made a mistake of some kind in respect to the evidence. But aside from the affidavit we cannot say that the mistake made was in the deduction. They might have disbelieved the defendants' evidence in respect to the alleged guaranty of the payment of principal and interest, and made a mistake in respect to the other evidence touching the guaranty. If they did disbelieve the defendants' evidence, the latter have no ground for complaint, because the mistake made was in their favor. As, then, it does not appear in what the mistake consisted, and as it might have been in the defendants' favor, we do not think that they are entitled to have the verdict set aside.

*2. NEW trial: mistake of jury: prejudice not shown.*

II. The court instructed the jury, in substance, that in determining the amount due upon the guaranty they should deduct "any amount already paid." The defendants insist that this instruction was calculated to mislead the jury and induce them to deduct the amount realized on the execution sale. But we do not think that this position can be sustained. A part of the money realized upon the execution sale was unquestionably to be deducted, and we see nothing in the instruction by which the jury might have been misled. We think that the judgment of the district court must be

AFFIRMED.