ALBERT NOBLE v. SILAS WHITE, Appellant.

**Malicious Prosecution:** MALICE. Bringing a criminal prosecution for wilful trespass on land, knowing that the only remedy is a civil action for the possession of the land, shows malice, even if the

person instituting the prosecution is entitled to the possession of the land.

ADVICE OF COUNSEL. An attorney who has testified as to the advice he gave defendant as to the bringing of prosecution cannot be asked, on cross-examination, what his advice would have been on a state of facts which was not disclosed to him by defendant.

INSTRUCTIONS: *Pleadings.* In an action for maliciously instituting criminal prosecutions for wilful trespass on land, where the undisputed evidence shows the existence of a lease of the land by defendant to plaintiff, it is not error for the court to recognize that fact in its instructions to the jury, though the lease is not specifically pleaded.

INSTRUCTIONS. An instruction in an action for malicious prosecution, that the fact that the grand jury ignored the information, and that the defendant was acquitted before a justice of the peace, is no evidence of want of probable cause, but the testimony on that point is only admitted to show that the prosecution has ended, is as favorable to defendant as a requested instruction, that the ignoring of the indictment by the grand jury cannot be considered in evidence to show absence of probable cause or as showing malice on his part.

EVIDENCE: *Cross-examination.* A witness cannot be cross-examined as to whether he has been fined for contempt of court for interference in the suit, where the evidence does not tend to show any feeling on his part against the party cross-examining him.

*Same.* Plaintiff in an action for malicious prosecution who has tes tified that the claim belongs to him, cannot be asked on cross-examination whether there is any one to get a share of the damages, with a view to showing that his attorney was to have a contingent fee.

*Evidence of Prosecution.* Evidence showing that the prosecution on which an action for malicious prosecution is based has been ended is admissible, where the answer denies that it has been ended

*Harmless error.* It is not prejudicial error to permit the amount of notes to be shown by the testimony of a witness instead of by producing the notes, where there is not dispute as to the amount thereof.

*Leasing.* The retention of rent notes by a principal and his consent to the occupancy of the farm by the tenant is evidence of a ratification of an unauthorized lease by his agent.

*Same.* The lease is the best evidence of land conveyed thereby, and it is not competent to ask a witness on cross-examination if the lease does not describe a certain tract of land.

*Rebuttal.* Defendant is not prejudiced by the admission of a declaration against him, in rebuttal, which was competent evidence for the plaintiff, in chief, where he was afforded an opportunity to deny or explain the same.

*Relevancy.* Evidence that it was a damage to a place to have the sod plowed up is inadmissible in an action by a tenant against his landlord for malicious prosecution based on charges made by the latter against the former for wilful trespass in plowing land, where the plaintiff's guilt or innocence of the criminal charges depended upon whether or not he had authority under the lease to plow the grass land.

*Same.* The testimony of defendant in an action for malicious prosecution based on charges of wilful trespasses upon his land, that some of the best men said that the plaintiff was damaging his property to the amount of five hundred dollars, is inadmissible even if defendant has a right to show what rumors as to the destruction of his property had come to his knowledge, before filing the information.

*Reputation of plaintiff.* Evidence as to the reputation of plaintiff in an action for malicious prosecution for being quarrelsome and a bully is inadmissible, where the plaintiff's guilt or innocence of the criminal charges made against him depends upon whether or not he had authority under a lease from the latter to plow the latter's grass land.

*Self-serving declarations.* A party cannot testify to declarations made by him in his own favor to a witness, in the absence of the other party, where they are not in rebuttal of anything said by the witness.

**Verdict:** IMPEACHMENT OF. Statements made by jurors to others of the panel, after retiring to consider of their verdict, which are calculated to arouse sympathy for defendant, and to reduce the verdict against him, cannot be assigned as error by him, *first,* because they inhere in the verdict and *secondly,* because they were not prejudicial to *defendant.*

**Appeal.** An additional abstract of the evidence filed by the appellee which is necessary to the full presentation of the cause to the supreme court, will not be stricken from the files.

*Appeal from Page District Court.*—HON. W. R. GREEN
Judge.

WEDNESDAY, OCTOBER 20, 1897.

ACTION in two counts to recover damages for two criminal prosecutions commenced by the defendant against the plaintiff for wilful trespass on the land of another, which prosecutions are alleged to have ended, and to have been prosecuted through malice, and without probable cause. One information was filed May 4, 1895, before a justice of the peace, and the other July 9, 1895, before the same justice. Defendant answered, admitting that he filed said informations, and denying every other allegation in the petition. Verdict and judgment were rendered in favor of the plaintiff, and defendant appeals.—*Affirmed.*

*C. S. Keenan* and *G. B. Jennings* for appellant.

*D. H. Chiles* and *Parslow & Scott* for appellee.

GIVEN, J.—I. Appellant moves to strike an additional abstract filed by appellee, on the grounds that it is only a correction of clerical and typographical errors, and that it gives questions and answers. The additional abstract is no more open to these objections than is the abstract of appellant. It appears that said additional abstract is necessary to a full presentation of the case, and the motion is therefore overruled.

II. Appellant argues twenty-two assignments of error based upon rulings on evidence, and other assignments based upon the instructions. To an understanding of these questions, it is necessary to state in a general way the facts and circumstance out of which the criminal prosecutions grew. Defendant authorized one Thompson to lease a farm owned by defendant, and Thompson leased the same from September, 1894, to March 1, 1896, to the plaintiff, they executing, in duplicate, a written lease, and the plaintiff

executing his two promissory notes, with Peter Lavine as surety, for the rent. Plaintiff went into possession, and Thompson delivered the notes and one copy of the lease to the defendant, who thereafter continued to hold the same. There is a dispute whether defendant had authorized Thompson to lease the land on the terms that he did. The jury was warradted in finding that he did so authorize, and that he acquiesced in the terms of the lease and of the plaintiff's possession under it, for a time. It appears that defendant became dissatisfied with the terms of the lease, especially because it permitted the plaintiff to plow and plant the grass land, and and claims that he and plaintiff agreed upon a cancella- that thereafter he sought to have the lease canceled, tion, and that he tendered back said notes to the plain- tiff. The jury was warranted in finding that defendant did authorize Thompson to lease on the terms that he did; that plaintiff did not agree to a cancellation of the lease; and that the notes were never tendered to the plaintiff. Defendant was absent during the winter of 1894, and on his return found that the plaintiff was plowing the grass land, and it was for this that the prosecutions were instituted. The jury was warranted in finding that the defendant was not justified by the advice of counsel in bringing the prosecutions, for that he did not lay all the facts known to him before counsel, and for that one or more of those whom he consulted advised him that his remedy was by civil action. They were also warranted in finding that the defendant resorted to these criminal prosecutions to secure possession of the farm, instead of a civil action, for the purpose of avoiding responsibility for costs. We have stated sufficient to show that a material question in the case is whether the defendant had probable cause for commencing said prosecutions, and that the jury had sufficient warrant for finding that he did not have probable cause.

III.   We now proceed to consider the assignments of error argued.

Appellant's first complaint is that the court allowed evidence to be introduced showing that the prosecutions had been ended, and in assuming in the instructions that they were ended. The answer denies that they were ended. Therefore the evidence was properly admitted, and, as it showed without conflict that they were ended, the court had a right to accept that fact in instructing.

There was no error in permitting the plaintiff to state the amount of the notes, and that they were given for the rent. There was no dispute as to either of these facts, and the ruling, if erroneous, was without prejudice.

The plaintiff was asked if any part of the damages claimed had been paid to him. It is contended that this was leading, but not objectionably so, we think. Appellant asked a witness on cross-examination if the lease did not describe three quarter sections of land, and showed him the paper. The paper was the best evidence, and the objection was properly sustained.

Plaintiff, having testified that this claim belonged to him, was asked by appellant if there was any one to get a share of the damages, with a view, no doubt, of showing that counsel had a contract for a contingent fee. Whether or not this was true was immaterial to the defendant.

Appellant asked the witness Thompson with reference to the lease: "That does not express your contract." There was no question but that the lease expressed the contract as made between Thompson and plaintiff, and no error in the ruling disallowing it to be answered.

Witness Ming was asked by appellant on cross-examination if he had been fined for contempt of court for interference in this suit. Appellee's objection was properly sustained, as the evidence did not tend to show any feeling upon the part of the witness against the defendant.

G. I. Miller, an attorney at law, was called by the defendant to establish his defense that he acted under the advice of counsel. Appellant asked him: "Now, he had explained to you the nature of this, what he termed an 'irregular lease,' that did not describe his ground, had he?" This was objected to, and properly sustained, as leading.

Appellant, being examined in his own behalf, said: "Some of the best men said they were damaging my property to the amount of three hundred dollars." This the court excluded, it being conceded that the plaintiff was plowing the grass land,—a fact which was undoubtedly known to defendant at the time he filed the informations. Let it be conceded that defendant had a right to show what rumors as to the destruction had come to his knowledge before filing the informations; yet, with this concession, there was no error in withdrawing the statements from the jury.

Appellant was asked on re-direct examination what he said to John Good in which the subject of a shotgun was mentioned, if it was mentioned. The objection was properly sustained, because the matter called for was not in rebuttal of anything said by Good, and called for the statements of the appellant himself; and there was no error in the statement of the court that appellant could not introduce his own declarations here in his own support.

Appellant complains that one Olson was not permitted to answer whether it was a damage to appel-

lant's place to have the sod plowed up at that time. Plaintiff's guilt or innocence of the criminal charges depended upon whether he had authority under the lease to plow the grass land, and under the issues there was no error in excluding the opinion of the witness.

The same witness was asked if he knew the general reputation of plaintiff for being quarrelsome and a bully. The objection was properly sustained, as these traits of character were not involved in the issue.

One Cromwell, having testified to a conversation with appellant in the summer of 1894, about renting his farm, stated as follows: "I had another conversation with him in a few days, near the same place. He (Mr. White) told me then: 'If you want to rent the farm now, you must speak to Mr. Frank Thompson, because I have left it with him. Whatever you do with him is all right with me.' That was near a week after the other conversation." The court excluded the first conversation and admitted that quoted above. This was competent evidence for the plaintiff in chief, and, while it is true that it was introduced in rebuttal, appellant was not prejudiced by that fact, as an opportunity remained to him to deny or explain the statement.

Mr. Good, with whom appellant had counseled, was asked on cross-examination: "If a man was irresponsible financially, and was destroying a man's property, would he advise a criminal proceeding if the party was wilfully doing it?" The objection was properly sustained, as it is immaterial what the witness might have advised under such circumstances. It was only the circumstances as disclosed to him, and advice that he gave thereon, that were material in this case.

Other objections to rulings on the evidence are sufficiently answered in what we have said. We do not discover any errors prejudicial to the appellant in any of the rulings on evidence complained of.

IV. We now consider the exceptions to instructions refused and given.

Appellant asked an instruction to the effect that the ignoring of the indictment by the grand jury cannot be considered in evidence, as tending to show absence of probable cause, or as showing malice on the part of the defendant. This instruction was marked "Modified and given," and the court instructed that "the fact that the grand jury ignored the information, and that defendant was acquitted before the justice of the peace, is no evidence of want of probable cause, but the testimony on this point is only admitted to show that the prosecutions in question have ended." The instruction given was quite as favorable to the defendant as that asked.

In further instructing on the subject of probable cause, the court used this language: "Even if the lease was not authorized or ratified, if the plaintiff, in going upon the premises, acted under an honest belief of right so to do, then a prosecution therefor would not be well founded; and, if defendant knew that plaintiff so acted, then the prosecution would be without probable cause, the same as it would if the lease had been authorized or ratified. If, on the other hand, the lease was not authorized or ratified, and the defendant had reason to believe, from a talk had with plaintiff with reference to a settlement of damages claimed by defendant, or from other matters, that the plaintiff knew that his claim to the premises was unfounded, but persisted, against the objections of defendant, in going upon the prem-

ises in question, then the defendant would have prob-
able cause for instituting the prosecutions."
Appellant contends that, as no lease was pleaded
or put in evidence, it was error for the court to
recognize the existence of a lease. The undisputed
evidence showed the existence of a lease, and it was
not error for the court to recognize that fact in the
instructions.

It is further contended that the retention of the
notes by the defendant, or his consent to the
occupancy of the farm, was not evidence of rati-
fication; but we think it was directly so.

Appellant insists that it was error to instruct that,
if plaintiff acted upon an honest belief of right to
occupy the premises, then the prosecutions were not
well founded, for the reason that plaintiff's belief could
not influence the action of the defendant in bringing
the prosecutions. This claim ignores the fact that in
the same connection the court said: "If the defendant
knew he so acted, then the prosecution would be with-
out probable cause;" thus making defendant's knowl-
edge an element of the inquiry.

The court defined malice as "such a state of mind
as leads to the intentional doing of some wrongful act
knowing it to be without just cause or legal
excuse." Appellant complains of this definition,
and contends that "malice in law is in the
doing of a wrongful act." The definition given is
correct as applied to this case.

The court instructed that "if the defendant knew
that his only remedy was in a civil action, and wilfully
or recklessly commenced the criminal prosecutions,
this would show malice, although the defendant
was in fact entitled to the possession of the
premises; and malice would especially be shown
if the defendant had in fact authorized Thompson to

lease the premises upon the terms upon which it was leased by the latter, but, by reason of having got a better offer on the land, instituted the criminal prosecutions for the purpose of forcing the plaintiff to abandon the land in question." He may be said to have been actuated by malice. Appellant contends that there is no evidence that there was a better offer on the land, but we think otherwise. Appellant also complains of that part of the instruction to the effect that, if defendant knew that his remedy was in a civil action, this would show malice in commencing the criminal prosecutions. It is insisted that his remedy was not in civil action; but, be that as it may, one or more of the counsel whom he consulted so advised him, and the inquiry is as to the knowledge under which he acted. It is claimed that the court erred in saying that there could be malice in bringing the prosecutions, "although the defendant was in fact entitled to the possession of the premises." Taken alone this might be error, but taken in its connection it is not. It was bringing the prosecutions knowing that his only remedy was in a civil action that shows malice, even if he was entitled to possession.

We discover no error in refusing or giving instructions.

V. Appellant complains of the overruling of his motion for a new trial, on the grounds that the verdict is contrary to the evidence, and is the result of passion and prejudice, as shown by certain alleged misconduct of the jury, as shown by the affidavits of some of the jurors. For reasons already stated, we are of the opinion that the verdict is fully sustained by the evidence. It appears by these affidavits that after it had been decided to find for the plaintiff, and before the amount had been determined, remarks were made by some of the jurors to others of the panel as to

the mental condition, conduct, and disposition of the defendant, and were made with respect to the amount of the verdict to be returned. In so far as the statements relate to matters inhering in the verdict, they were incompetent, and cannot be considered. *Darrance v. Preston*, 18 Iowa, 396; *Bryson v. Railway Co.*, 89 Iowa, 677; *Dunlavey v. Watson*, 38 Iowa, 398; *Fulliam v. City of Muscatine*, 70 Iowa, 436. It does not appear that appellant was prejudiced in any of the statements made, but, on the contrary, if they had any effect, it was to arouse sympathy for him, and to reduce the amount of the verdict.

We find no error in either of the particulars assigned and argued, and the judgment is therefore AFFIRMED.