BELLE HANOUSEK v. THE CITY OF MARSHALLTOWN, IOWA, Appellant.

**Personal injury:** ICY SIDEWALKS: NOTICE: EVIDENCE. In an action
1 for injury caused by an accumulation of ice upon a sidewalk, it is proper to show the icy condition of the walk at the place of the accident at other times, on the question of notice to the city of its dangerous condition.

**Special interrogatories.** A refusal to submit repetitions of the same
2 special interrogatory is not erroneous.

**New trial:** NEWLY DISCOVERED EVIDENCE. A new trial should not be
3 granted upon newly discovered evidence purely cumulative in character.

*Appeal from Marshall District Court.*— HON. G. W. BURN-
HAM, Judge.

FRIDAY, MAY 18, 1906.

ACTION for damages resulted in judgment against defendant, from which it appeals.— *Affirmed.*

*C. H. Van Law,* for appellant.

*Boardman, Aldrich & Lawrence,* for appellee.

LADD, J.— The plaintiff slipped and fell as she was passing along Second avenue in the city of Marshalltown on

the evening of February 27, 1904. A private alley extends
west from this avenue between a building known as " The
Odeon " and a dry goods store. The evidence tended to
show that, through a pipe running from the roof gutter of
the Odean to the ground, water poured during rainfalls or
when ice or snow was melting, spread over the sidewalk at
that place, and sometimes froze. It was here that plaintiff
claimed she fell, and the particular negligence charged is
that of allowing snow and ice to accumulate there in such
quantities and manner as to render the walk dangerous for
use by pedestrians. The evidence was in sharp conflict as to
whether ice and snow had accumulated as alleged and as to
whether plaintiff fell where she claimed or north of the alley
crossing. But three errors are assigned, and these will be
disposed of in the order presented in argument.

I. Hans Peterson was called as a witness, and, without
objection, testified that he had passed along the avenue in
question several times a day for fourteen years, that he
" knew the alley north of the theater and the
conductor that runs down to the northeast cor-
ner. When the winter sets in there would

1. PERSONAL IN-
JURY: icy side-
walks: notice:
evidence.

naturally be some water and snow and kind of freeze, and,
at a time when the sun shines, it will melt and run down
that pipe over the crossing. And then in the evening again,
when they have the opera house going and have steam
in the opera house, the water will drip and drip
and still freezing outside until it makes kind of
rough ice there. The center part is a little low and the
sidewalk slopes three ways, towards the street and from the
side both ways, and fills up in the center and freezes, and
keeps on flowing until it makes ice there." He was then
asked this question: " Tell the jury, with reference to the
last two or three winters, how much of the time this condition
that you have described existed and when ? In what kind of
weather ? " This was objected to as incompetent, irrelevant,
and immaterial and not confined to the time in issue and the

objection overruled. He answered: " As I said, before or when winter sets in until spring, when winter lets up, always some ice there." Exception is taken to the ruling on the ground that evidence of the condition of the sidewalk at other times than that in question was not admissible. But this is not so. The conditions which produced ice at that locality had been described as existing for many years previous and it was proper to show, as tending to charge the city with notice of the condition of the walk at the time of the accident, that ice had in fact formed at that place whenever rain or snow fell and the weather was cold enough to freeze water. If the walk at that place, owing to the surrounding conditons, was always icy and frequently dangerous in freezing weather, it might well be inferred that the city was aware of this, and therefore negligent in not requiring the defect to be remedied.

II. The court submitted to the jury five special interrogations requested by the defendant, and it complains because two others were refused. Those refused were but the repetition of the two submitted in different

2. SPECIAL INTERROGATORIES. forms. A litigant is entitled to but one special finding of an ultimate fact. The inquiry therefore should be couched in simple and direct language calling, if practicable, for a categorical answer. *Morbey v. Railway,* 116 Iowa, 84. Repetition of the same question in different language, aside from involving a waste of time, necessarily tends to confuse the jury, and should be avoided. The ruling was right.

III. One of the grounds upon which defendant based its motion for new trial was the discovery of other evidence. But it was cumulative merely. In so far as the affidavits attached to the motion indicate that affiants

3. NEW TRIAL: newly discovered evidence. saw plaintiff fall, this is conceded. One of them, however, swore that he knew her and that she is the identical person who fell north of the alley crossing on the night in question. His identifica-

tion may be more positive than that of Dr. James, who testified that " plaintiff looks like the lady," but is none the less cumulative in character. It is evidence of the same kind to precisely the same point. *Able v. Frazier,* 43 Iowa, 176; *Wayt v. Railway,* 45 Iowa, 217; *Bullard v. Bullard,* 112 Iowa, 423. As the newly discovered evidence was cumulative in character, the court did not abuse its discretion in denying the application for a new trial.—*Affirmed.*