STUART CLARK, Minor, by KATHERINE J. CLARK, his next friend, Appellee, v. B. H. VAN VLECK, Appellant.

**Mortality tables:** ADMISSIBILITY. The tables embodied in the Code, as a means of determining the present worth of life and term estates, are admissible in evidence for the purpose of showing expectancy of life.

**Evidence:** RES GESTÆ. The test as to the admissibility of evidence, on the ground that it is part of the *res gestæ*, is whether the statements were the natural and spontaneous utterances of the declarant and so closely connected with the transaction in question as to be a part of it.

**Instructions:** INCONSISTENCY. Instructions in an action for an automobile accident that if defendant was negligently on the wrong side of the street when the accident occurred he was liable, and that he might pass to the wrong side and continue therein for such reasonable distance as was necessary to pass around an obstruction, when construed together, are held harmonious.

**New trial:** VERDICT: IMPEACHMENT. What is in fact considered by a jury in making up its allowance in a personal injury action inheres in the verdict, and it can not be impeached by affidavits of jurors that in arriving at their verdict they took into consideration matters concerning which there was no proof.

**New trial:** NEWLY DISCOVERED EVIDENCE. Ordinarily. the action of the trial court in ruling upon a motion for a new trial, based upon newly discovered evidence cumulative in character, will not be disturbed.

*Appeal from Plymouth District Court.*— HON. J. L. KENNEDY, Judge.

TUESDAY, JULY 2, 1907.

ACTION at law to recover damages for injuries sustained by plaintiff due to a collision with an automobile driven by defendant. .Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*F. W. Sargent* and *Struble & Struble,* for appellant.

*Dickson & Page* and *P. A. Boland,* for appellee.

DEEMER, J.— Plaintiff was struck and injured by an automobile driven by defendant upon one of the streets of Sioux City. At the time of the accident defendant was driving his car eastward on the south side of what is known as " West Seventh Street." About the time he turned into this street, an ambulance had been driven to, and backed upon, the south side of the street, and defendant was obliged to go around this ambulance. This he could do by passing out to and along the double-tracked street car tracks in the center of the street, and back to the south side of the street, or by passing across the tracks to the north side of the street, and in due season to the right-hand or south side of the street. It is claimed that he took the latter course, passed over the tracks, and was passing eastward on the north side of the street, looking back at the ambulance, when he struck the plaintiff, who was about eighty-five feet from the ambulance, passing from the south to the north side of the street, where his home was situated. Plaintiff is a boy five years of age, and there is no claim that he was guilty of any negligence. Defendant claims that after he passed to the north side of the street he encountered a wagon coming from the east, and that he turned southward to avoid the wagon, and that just as he was passing it plaintiff jumped out from the rear of the wagon and got into the way of the automobile in such a manner that he (defendant) could not stop his machine and avoid the accident. The jury evidently found that plaintiff's version of the affair was correct, and it returned a verdict for him in the sum of $1,000.

The appeal presents many questions, to the more material of which we shall refer during the course of the opinion. Plaintiff offered in evidence that part of page 152 of the Code Supplement of 1902 showing the expectancy of life

of a child of five years of age. The testimony was received over defendant's objections, and of this rul-

1. MORTALITY TABLES: admissibility.

ing complaint is made. This table is embodied in the Code as a means of determining the valuation or present worth of life and term estates for the use of courts in the assessment of collateral inheritance taxes. It is stated in the Code Supplement that they are based upon the "actuaries and combined experience tables," and were prepared pursuant to section 1471a of the said Code Supplement. As such, we think they were admissible. No matter where found, these tables, if properly established and authenticated, are admissible in evidence in personal injury cases, where the injury is claimed to be permanent. *Beems v. Railroad,* 67 Iowa, 435; *Knott v. Peterson,* 125 Iowa, 404. No more authentic source could be thought of than a publication under the direction of the Legislature. A comparison thereof with those we have at hand shows no material discrepancies. Many courts take judicial notice of the probable duration of human life as shown by the mortality tables. See cases cited in 8 Ency. of Evidence, 639. But where such notice is not taken, the tables need not be found in any given book. Thus encyclopedia, statutes, reported decisions, and other accepted law books may be received in evidence. *C., R. I. & P. R. R. v. Hambel,* 2 Neb. (Unof.) 607 (89 N. W. 643); *Louisville Co. v. Kelly,* 100 Ky. 421 (38 S. W. 852, 40 S. W. 452); *Nelson v. Railroad,* 104 Mich. 582 (62 N. W. 993); *Atty. Gen. v. Insurance Co.,* 82 N. Y. 172; *Crouse v. C. & N. W. R. R.* 102 Wis. 196 (78 N. W. 446, 778); *Scagel v. Railroad,* 83 Iowa, 380. As a rule only such preliminary proof is required as is satisfactory to the trial court and even this may be dispensed with according to some cases. *Atl. Ry. v. Monk,* 118 Ga. 449 (45 S. E. 494); *Pearl v. Railroad,* 115 Iowa, 535.

II. Defendant was a witness on his own behalf, and was asked this question: "State whether or not at the time

immediately after the accident you had any conversation with the father of the boy on the subject of how the accident occurred." Objection to the question was sustained because not binding upon plaintiff and hearsay. Thereafter defendant made the following offer:

2. EVIDENCE:
   *res gestæ.*

Defendant's counsel now offer to prove by the defendant, Van Vleck, as a witness while on the stand, that immediately after the accident referred to, and about the time the boy was being carried from the street into the home of his parents, that the father inquired of the defendant how the accident occurred, to which the defendant answered stating the occurrences attending.the accident, and that the boy had run out from behind the wagon and into or upon the automobile of the defendant at a distance or five or six feet, and has been injured by coming in contact with the automobile. And, also, in the conversation immediately after the accident, and while the boy was being carried from the street, the said Clark, the father of the plaintiff, made a statement to this defendant that he understood it was not the fault of the defendant, and that he further stated at the time that the plaintiff, Stuart Clark, had been sickly, and has just gotten out of bed, and it was too bad that he had to return to his bed on the same day on which he had just gotten out of his bed.

The latter part of this offer to show what the father said his understanding was, and as to the condition of the boy's health, was clearly hearsay, and not binding upon plaintiff. And the same may be said of the first part of the offer, unless it be that the declarations of the defendant therein referred to were part of the *res gestæ* and admissible as such. The declaration made was called out by inquiries from the father and was self-serving in character. These suggestions are not always controlling, however. The true test is: Were the declarations so closely connected with the transaction in question as to be, in effect, a part of it? Were they the natural and spontaneous utterances of the

declarant, and so made as to indicate no opportunity for premeditation or design. They must also relate to immediate and present events, and not be merely a narrative of a past transaction or statement of opinion. And as a general rule the admissibility of such evidence lies largely within the discretion of the trial court. *Christopherson v. Railroad,* 135 Iowa, 409. The real test seems to be the spontaneity of the declaration. *Waldele v. Railroad,* 95 N. Y. 274 (47 Am. Rep. 41).

Applying these tests, there seems to have been no error in the ruling of the trial court in excluding the testimony. The testimony shows that after the child was struck a police officer of the city, who was close at hand, walked up to defendant and asked him his name, which was given. Defendant then said if he was wanted for anything he would stay. To this the officer responded by saying that he should wait until he saw the boy's father. The father came out, and, after the officer had talked with him, the defendant went away. It also appears that, after defendant heard the boy cry out, he stopped his machine as soon as he could, and sent his man who was with him back to where the child was to see if he was hurt. Defendant then got out of his machine, which was about 60 feet from the place of the accident, and went back, finding the boy injured. He then had his conversation with the police officer, and the father came out and carried the boy into the house. The testimony offered had reference to what was said about the time the boy was being carried into the house, in response to an inquiry from the boy's father, and was to our minds clearly a narrative of a past transaction, and not contemporaneous with, and explanatory of, the main transaction. There was no error in rejecting the testimony. *Alsever v. Railroad,* 115 Iowa, 338, and cases cited.

III. The negligence charged was defendant's failure " to keep a proper lookout ahead, and in running the automobile on the wrong or left-hand side of the street." It is

contended that the instructions are conflicting, in that the **3. INSTRUCTIONS: inconsistency.** court instructed in one place that, if the jury found defendant was running on the left side of the street when plaintiff was struck, then he (plaintiff) was entitled to recover, and in another that defendant might pass around an obstruction in the street to the left side thereof and continue therein for such reasonable distance as was necessary to pass around the obstacle. The defendant in his answer admitted he .was running on the left side of the street, but claimed he was forced to do so through the presence of the ambulance. Plaintiff's claim was that defendant was negligent in running on that part·of the street, and the instructions were directed to that as well as the other issue of failing to keep a proper lookout. The instructions, taken together, as they should be, were not conflicting. The jury were not told unequivocally that, if defendant was on the wrong side of the street, when he struck the boy, he would be liable; but only that if he were negligently there he would be, and that he had the right to be there for certain purposes which were fully explained. There is no conflict in the instructions when considered as a whole. *Brusseau v. Lower Brick Co.,* 133 Iowa, 245, is in point upon this proposition.

IV. In support of his motion for a new trial, defendant filed the affidavit of certain jurors, to the effect that in arriving at their verdict they allowed plaintiff $220 for **4. NEW TRIAL: verdict: impeachment.** doctor's services and $120 for nurse hire. No claim for such was made in the petition. No testimony of that sort was introduced, and no reference was made thereto either in the arguments of counsel or the instructions of the court. It is strongly argued. that these matters do not so inhere in the verdict as that they may not be shown for the purpose of impeaching it. This is the real question here. The matters should not, of course, have been. considered or allowed; but may parties, under the facts disclosed by this record, be permitted to show

by affidavits from the jurors that they were in fact taken into account in fixing the verdict? As a general rule, affidavits of jurors may be received in support of a verdict, but not to impeach it, save when determined by chance, or to show misconduct upon the part of some of the jurors. *Davis v. Huber Mfg. Co.,* 119 Iowa, 56; *Mattox v. U. S.,* 146 U. S. 140 (13 Sup. Ct. 50, 36 L. Ed. 917); *Woodward v. Leavitt,* 107 Mass. 453 (9 Am. Rep. 49); *Wright v. Tel. Co.,* 20 Iowa, 195; *Hall v. Robinson,* 25 Iowa, 91; *Cowles v. Railroad,* 32 Iowa, 515; *Brownell v. McEwen,* 5 Denio, 367; *Withers v. Fiscus,* 40 Ind. 131 (13 Am. Rep. 283); *Wilkins v. Bent,* 66 Iowa, 531; *Alexander v. Humber,* 86 Ky. 565 (6 S. W. 453); *Murphy v. Murphy,* 1 S. D. 316 (47 N. W. 142, 9 L. R. A. 820); *Baxter v. City,* 103 Iowa, 599; *Noble v. White,* 103 Iowa, 352.

Plaintiff's claim was for unliquidated damages, and the amount to be allowed was of the very essence of the verdict. What was in fact considered by them in making this allowance manifestly inhered in the verdict, and they should not be allowed to impeach it by affidavits. There is no claim that they were not properly instructed by the trial court as to what should be considered, and no suggestion is made that any reference was had at any time to the matters which some of the jurors say were considered in arriving at the amount of plaintiff's recovery. The many cases we have cited are ample justification for disregarding the affidavits of jurors as to what they considered in making up their verdict.

V.  Lastly, it is contended that a new trial should have been granted because of newly discovered evidence. This newly discovered testimony is of an eye-witness who claims to have seen the accident, and who gave the same version of it that defendant did while a witness upon the trial. The testimony was

5. NEW TRIAL: newly discovered evidence.

purely cumulative; that is to say, " was evidence of the same kind and to the same point " as that given by the defendant himself. Now, while a trial court may be sustained in

granting a new trial upon newly discovered testimony which is cumulative in character, yet it has a large discretion in such cases, and ordinarily its action will not be interfered with upon appeal. *Hanousek v. City,* 130 Iowa, 550; *Hanson v. Bailey,* 96 Minn. 274; *O'Toole v. Faulkner,* 34 Wash. 371 (75 Pac. 975).

No reason appears for disturbing the verdict, and the judgment must be, and it is, *affirmed.*