GEORGE McMAHON, Admr., etc., Apellant, v. IOWA ICE COMPANY, Appellee.

**Practice:** RIGHT OF JURY TO EXHIBITS. The statute authorizing a
1  jury to take with them books of account and papers offered in evidence is merely permissive, but when requested by either party the same should be sent out; error cannot, however, be predicated on refusal to do so unless prejudice is shown.

**Verdict:** IMPEACHMENT: AFFIDAVIT OF JURORS. The affidavits of
2  jurors that they supposed they were not to consider certain documentary evidence, because the same was not sent to the jury room, are not receivable to impeach the verdict.

**Exhibits:** REFUSAL TO SEND SAME TO JURY: PREJUDICE. Where an
3  action is predicated upon negligence, and the jury is told that if defendant carelessly inflicted the injury, plaintiff can recover, refusal to send to the jury room documentary evidence relating to defendant's intoxication at the time of the injury was not prejudicial error.

**Damages:** INSTRUCTION: HARMLESS ERROR. A defendant in whose
4  favor a verdict is rendered in a personal injury action cannot complain of an error in the rule of damages given by the court.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN, Judge.

MONDAY, DECEMBER 16, 1907.

REHEARING DENIED, MONDAY, FEBRUARY 17, 1908.

Action at law to recover damages for a personal injury. The trial resulted in a verdict and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*Gillispie & Bannister,* for appellant.

*Parish & Dowell,* for appellee.

Bishop, J.— The defendant at the time in question was engaged in the business of retailing ice in the city of Des Moines, making deliveries at the respective residences of its customers. Among the latter was plaintiff's intestate, Mary McMahon. The petition alleges that in August, 1905, one of defendant's employés, Burham by name, while engaged in delivering ice to plaintiff's intestate, negligently staggered and fell upon her, stamping and tramping upon her foot and breaking and crushing the bones thereof. And it is alleged that said Burham was drunk at the time, that he was an unfit person for the work in which he was engaged, and that defendant was negligent in employing him for that purpose and in retaining him in that capacity with knowledge that he was a drunkard and unfit for the work. The answer was a general denial.

I. Durham was a witness for defendant on the trial, and on direct examination testified that, while he had taken a couple of drinks in the early morning of the day of the accident, he was not drunk when the same occurred. During cross-examination he was shown a writing, identified as Exhibit B, purporting to have been signed by him, and the contents whereof had relation to the circumstances of the accident. He admitted the genuineness of his signature thereto, and the writing was introduced in evidence as part of his cross-examination. Therein the statement is made by Burham, speaking in the first person, as follows: " I was in company with Clyde Daley, and we had been drinking consid-

1. Practice:
right of jury
to exhibits.

erable beer and were feeling pretty good from the effects, but we were in such condition that we were able to deliver the rest of the load of ice, and to get around in fair shape." As the jury was about to retire for deliberation, plaintiff requested that the writing, exhibit " B," be sent out with the jury. To this defendant objected, and the objection was sustained; and herein is the matter of error first presented for our consideration. By Code, section 3717, it is provided that the jury may take with them all books of account and all papers which have been received in evidence, except depositions, etc. It will be observed that the statute in its language is permissive. It is not made the duty of the court in the first instance to send out the papers introduced; but, when requested by either party, or by the jury, the papers should be sent out, and a failure to do so constitutes error. *State v. Young,* 134 Iowa, 505.

Accepting this as the settled law on the subject, and assuming that the refusal of the court was error, it remains to be considered whether the error was prejudicial. And this because not every error occurring during the course of a trial is to be given force *ex necessitate* to work a reversal of the judgment. According to our well-settled rule, if the error be such in character, or so occurred as that upon the whole record it can be said that no substantial prejudice resulted, it should be ignored. The cases on the subject are familiar, and we need not cite them. Considering the exhibit in question, and conceding the same to be such a written document as to bring it within the meaning of the statutory provision to which we have made reference, we think that in reason no prejudice could have resulted from the simple failure to send it out on request of plaintiff. It will be remembered that Burham testified on his direct examination that he had taken two drinks of intoxicating liquor early in the day. At best, the exhibit — his written statement executed at some time prior to the trial — amounted to no more than an admission on cross-examination that, in addition to

the morning drinks, he had drank more or less during the forenoon. The jury had the fact before them, and it cannot be assumed that it was overlooked in their consideration of the case.

With his motion for new trial, in which the ruling complained of was assigned as error, there was presented the affidavits of four of the jurors; each stating it to have *2. Verdict: im-* been his understanding that, because the writ-
*peachment:* ing had not been sent to the jury room, the
*affidavit*
*of jurors.* same had been excluded from their consideration. And this is thought to be sufficient to establish prejudice. We think otherwise. In the first place, the affidavits were not receivable to impeach the verdict. *Noble v. White,* 103 Iowa, 352; *Christ v. Webster City,* 105 Iowa, 119.

But if the rule were not so, and conceding that the jury did not consider the matter contained in the writing, still we adhere to our conclusion for no prejudice. The action was *3. Exhibits: re-* bottomed on negligence, and in the instruc-
*fusal to send* tions given, the court in express language told
*same to jury:*
*prejudice.* the jury that if Burham carelessly trod upon the toe of Mrs. McMahon, whereby she was injured, plaintiff was entitled to a verdict. And this was not made conditional upon a finding that he was at the time under the influence of intoxicating liquor.

II. The instruction given the jury on the elements and measure of damage is complained of as error. The particular matter of complaint is that thereby the court *4. Damages:* limited recovery to compensation for the pain
*instruction:* and suffering endured previous to the trial; it
*harmless error.* being said in the instruction that the record was wanting in proof of a permanent injury, and that future pain and suffering was probable. We may agree with counsel for appellant that this assumption was unfounded, and hence that there was error. But, here again we have the question of prejudice, and are forced to the conclusion that

there was none.   The jury found for the defendant.   Necessary to such a finding was a conclusion that negligence on the part of defendant's employé had not been proven; and this we say because the proof of an injury as alleged was abundant.   In this situation it cannot matter that the rule on the subject of the measure of damages as laid down was incorrect, in that future pain and suffering was excluded from consideration.   *Lush v. Parkersburg,* 127 Iowa, 701.

No other matters of error are presented.

Accordingly, the judgment must be, and it is, *affirmed.*