G. H. BLAKE, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

TRIAL: Instructions—Unsupported Theory—Negligence. It is error
1  to instruct on a theory not supported by the evidence. So held in negligence case.

PRINCIPLE APPLIED: A team was alleged to have run away because of steam escaping from defendant's engine in violation of an ordinance, which, however, permitted steam to escape within a certain distance after a stop. *Held* prejudicial error to instruct on the theory that the steam that frightened the team escaped under the conditions permitted by the ordinance, such theory having no sufficient support in the evidence.

TRIAL: Instructions—Conflict—Error. Conflicting instructions, one
2  correct, the other incorrect, ordinarily constitute prejudicial error. An instruction permitting the jury (1) to find negligence from the mere violation of an ordinance and (2) to negative such negligence by finding a certain fact, of which there was no sufficient evidence, is in prejudicial conflict with other instructions defining negligence generally as the failure to exercise reasonable care, the implication of negligence resulting from the violation of a law not depending on the exercise of care.

TRIAL: Verdict—Ultimate Facts on Which Based—Affidavits of
3  Jurors—Incompetency. Affidavits of jurors cannot be received to show the ultimate facts upon which a verdict was based. Conflicting instructions having been given on the subject of negligence, the

contention of the prevailing party that the affidavit of jurors on file showed that the verdict was based on the contributory negligence of the injured party, and therefore the conflicting instructions were without prejudice, was rejected because of the incompetency of such affidavits.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON, Judge.

TUESDAY, DECEMBER 15, 1914.

REHEARING DENIED MONDAY, OCTOBER 4, 1915.

ACTION for damages for personal injury alleged to have been caused by the negligence of the defendant. From a verdict against plaintiff, he appeals.—*Reversed.*

*Wade, Dutcher & Davis,* for appellant.

*F. W. Sargent, Robert J. Bannister* and *J. H. Johnson,* for appellee.

WITHROW, J.—I. Plaintiff's cause of action is based upon the claim that his team was frightened by the negligent operation of a locomotive and train of the defendant, at a time when

1. TRIAL: in-
structions:
unsupported
theory: negli-
gence.

he was in the yards of defendant for the purpose of getting coal from a car which he had ordered, and that, by reason of his team becoming frightened, it ran away, causing personal injury to the plaintiff. The acts of negligence charged are, among others, that the tracks were within the city of Oelwein, and that there was an ordinance of that city which required the bell of the locomotive to be rung constantly while an engine was in motion, and prohibiting the engineer from allowing the escape of steam from the cylinder cocks while running within the city, and that, in violation of such ordinance, the bell was not rung and steam was permitted to escape, frightening plaintiff's team. Other acts of negligence charged are not material to this inquiry. There was a verdict for the defendant, and the plaintiff appeals.

II. An ordinance of the city of Oelwein, enacted for the purpose of controlling the operation of trains within the city, and providing punishment for its violation, among other things, required that:

"No engineer, fireman, or person in charge of any locomotive engine shall cause or allow the cylinder cock or cocks of said engine to be opened so as to permit steam to escape therefrom while running through the city; provided, however, that when such engine shall be standing at any point within the city, then for three revolutions of the driving wheels after being put in motion the said cocks may be opened for the purpose of allowing condensed steam to escape."

It was the claim of the defendant on the trial and in this appeal that the escaping steam, of which complaint is made as an act of negligence, occurred only after a start of the locomotive from a stop, and within three revolutions of the driving wheels.

The trial court instructed the jury that it was negligence "to permit steam to escape from the cylinder cocks while running through the city, unless it appeared from the evidence that the engine had been standing at any point within the city, when it would be lawful for the stop cocks to be opened in starting for three revolutions of the drive wheels, and that the burden of proof was upon the plaintiff to show that the escape of steam was unlawful". We have with much care gone over the evidence on this point; and while it tends to show that there were two or three stops of the locomotive in the yards while doing the train work, there is, to our minds, an absence of proof that any one of the stops was at such place and within such distance of appellant's team that in starting, and within the permitted number of revolutions of the drive wheel, the condition or act resulted which is claimed to have caused the fright. Upon this question, the appellee in its argument states: "It is manifest, if the en-

gine was on the house track, there is no showing but what it
was within sixty feet of some stop. In any event the move-
ments and starts and stops of the engine were not so defi-
nitely located that a court as a matter of law would have had
the right to submit the ordinance with the proviso eliminated.''
The state of facts to which we have referred, as well as the
argument of counsel for appellee, reach directly to the as-
signment of error as to instruction No. 10, the relevant part
of which we have quoted above, the answer being that there
was no evidence upon which the quoted part of the instruction
could be based.

The ordinance was pleaded by the plaintiff, and its viola-
tion in the respect charged was relied upon as one of the acts
of negligence, it being averred that ''the exact distance that
said engine was run with the cylinder cocks
opened and escaping steam cannot be defi-
nitely stated''. The negligence charged was
not alone in permitting the steam to escape, but in permitting
it at such time and under such circumstances as the appellee
had not the right to do under the ordinance. No question is
raised as to the correctness of the instruction of the trial court
upon the burden of proof in proving the conditions which,
under the ordinance, amount to a permission. The contention
is that, as there was no evidence to support that issue, it was
error to submit it to the jury. On the part of the appellee,
it is claimed that in stating the grounds of negligence charged,
there was included that, in general terms, of permitting steam
to escape from the engine in passing down the sidetrack, and
that by so submitting the question, no prejudice resulted to
the appellee in also stating to the jury that of which complaint
is made. This perhaps would be true, were it not for the fact
that in other instructions the trial court defined negligence
in general terms, and in instruction No. 11 stated as follows:

2. TRIAL: in-
structions:
conflict: error.

''It was the duty of the defendant company to use reason-
able care in operating its train and engine at the time and

place in question for the safety of persons having business in its yards. If the defendant's employes exercised such care, then the defendant was not negligent; but if it did not exercise such care, then the defendant was negligent."

Instruction No. 13, stating the converse of that proposition was:

"You are instructed that the defendant company had the right to use its tracks and yard at Oelwein at the time of the accident in question in this case, and to occupy the same with its cars and engines and that it had the right to move its train and engine on and along the house track in the said yards at said time and place, and if you find from the evidence that reasonable care for the safety of those in and about the said tracks was used in the operating of said train and engine, then your verdict must be for the defendant."

The ordinance having been introduced in evidence and its terms made the basis of an instruction, in applying to the case instructions Nos. 11 and 13 in their statement of the rule as to reasonable care, there was the omission to state, as qualifying them, the rule as to negligence which the law implies as resulting from violating the ordinance. This was not dependent upon the exercise of ordinary care, or common prudence, but upon the observation of a duty fixed by the law of the city. Read together, we think that the instructions were conflicting, arising from giving instruction No. 10 as a ground of negligence, it being without support in the evidence. This constituted prejudicial error. *Quinn v. C. R. I. & P. Ry.*, 107 Iowa 710; *Kerr v. Topping*, 109 Iowa 150.

III. The plaintiff filed in the lower court, after verdict, a motion for a new trial and an amendment, based upon the grounds of newly discovered evidence and errors committed upon the trial, supporting which were the affidavits of three of the jurors who had served in the trial of the case. The motion was overruled, and error is predicated upon that ruling. That part of the motion which was aided by the

3. TRIAL: verdict: ultimate facts on which based: affidavits of jurors: incompetency.

affidavits of the jurors stated that they were filed "to support the fact that the court failed to instruct on the question of negligence of leaving the team stand while plaintiff was loading for a moment".

The affidavits were identical in form, each stating that "the general discussion was advanced (in the jury room) that plaintiff must be guilty of negligence such as to preclude his recovery by reason of leaving his team untied while he assisted another man," and that on that theory, they yielded their previous opinions and concurred in a verdict for the defendant; that prior to such, eight of the jurors had voted in favor of a verdict for plaintiff, and after that discussion, they yielded. Counsel for appellee urges that these affidavits filed by plaintiff, which were not objected to, affirmatively show that the finding for the defendant was because of plaintiff's contributory negligence, and therefore, under the instructions upon the question of negligence, there could have been no prejudicial error. We do not understand from the record that the affidavits were presented for the purpose of impeaching the verdict. Such, under well-settled rules, could not be done. *Porter v. Whitlock*, 142 Iowa 66; *McMahon v. Iowa Ice Co.*, 137 Iowa 368, 371; *Lloyd v. McClure*, 2 G. Gr. 139. Nor were they offered for the purpose of sustaining the verdict, as sometimes may be done. *Clark v. Van Vleck*, 135 Iowa, 194, 200; *Lloyd v. McClure, supra*. Whatever may have been the effect of the affidavits, they were for the stated purpose of showing a failure to instruct particularly as to a certain branch of the case; and even though they went to the extent of showing the considerations which governed some of the jurors in reaching their verdict, we are not disposed to accept them as properly showing more than they were offered to prove. They could not be held as offered to sustain the verdict, for it was sought to be set aside. If offered to contradict or impeach it, saying nothing of their incompetency for that purpose, they tended to show the ultimate finding upon which it was based, but did not and could not in that way establish it.

The error which we have noted is not cured by this late record.

As our conclusion requires another trial, it is unnecessary to further consider the motion presented on that ground.— *Reversed.*

LADD, C. J., DEEMER and GAYNOR, JJ., concur.