BOYD KAYLOR, Appellee, v. OZARK OIL COMPANY, Appellant.

**NEGLIGENCE:** Contributory Negligence—Fact Case. Record re-
1 viewed, and held ample to sustain a finding that a party injured on
the highway in a collision with a truck was not guilty of con-
tributory negligence.

**NEW TRIAL:** Newly Discovered Evidence—Cumulative Evidence.
2 Record relative to newly discovered evidence reviewed, and held to
be such as to justify the court in refusing a new trial.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

DECEMBER 15, 1922.

ACTION for damages. Jury trial. Verdict and judgment for plaintiff for $600. Defendant appeals. The facts are sufficiently stated in the opinion.—*Affirmed.*

*John A. Reed, Ralph Maclean,* and *D. C. Chase, Jr.,* for appellant.

*Rickel, Dennis & Barngrover,* for appellee.

PRESTON, J.—The action grows out of a collision between defendant's oil truck and plaintiff's sleigh, in which plaintiff was riding. He claims damages to property, for personal injury, loss of time, etc. The issues submitted to the jury, as stated by the court and restated by appellant, were: First, whether defendant was negligent in not turning the truck to the right, on observing the approach of plaintiff on the high-way, and in not giving plaintiff one half of the traveled portion

of the road; second, whether defendant was negligent in operating the motor at a rapid and reckless rate of speed; third, whether defendant was negligent in not stopping the truck, or bringing it under control, when the driver observed, or in the exercise of ordinary care should have observed, that plaintiff was unable to turn any farther to the right, because of a deep ditch in the highway at that point; and fourth, whether plaintiff was guilty of contributory negligence. But two points are relied upon by appellant for reversal.

1. It is thought by appellant that plaintiff has failed to show that he was free from contributory negligence, and that it is so conclusively shown that he was guilty of contributory negligence that, as a matter of law, the court should have so held, and should have directed a verdict for the defendant. In this connection, it is argued that the physical facts demonstrate contributory negligence, and that these facts are such that the oral testimony, claiming freedom therefrom, did not make a case for the jury. *Artz v. Chicago, R. I. & P. R. Co.,* 34 Iowa 153, 159, and many other cases are cited. Appellee contends that the rule does not apply, under the facts of this case.

1. NEGLIGENCE: contributory negligence: fact case.

It appears that plaintiff was driving a horse attached to a sleigh which consisted of runners set on the hubs of a buggy frame, so that the hubs extended out their entire length. Plaintiff was driving east, and the defendant's truck was going west. Appellant's contention is that it is shown without dispute that plaintiff did not stop his horse when he met the truck, but continued to drive forward until the front end of the truck had passed the horse and the front end of the sleigh; that then plaintiff "turned too quick, and caught the hind wheel with his hub; that, after the collision, on examination, the tracks of the sleigh showed that Kaylor pulled in a little. He was out enough to pass us easily, if he had not pulled in; but his team swung in, and ketched onto us." The witness Andrews so testified, and that after the collision he made an examination. He does not describe any tracks of the sleigh. The record is this:

"After the collision happened, did you make any examination as to where the tracks of the sleigh run? A. Well, he pulled in a little," etc.

Evidence introduced on behalf of the defendant tends to sustain this contention, but plaintiff's evidence is to the contrary. He testifies in chief:

"I was driving east, and we see a big truck coming from the east, going west, and it kept coming, and I kept turning out for it, and I see it wasn't going to turn out, and I turned out as far as I could on account of a ditch, and he came along, and then it struck me—struck my rig and threw me and Becicka out on our faces. I was on the right-hand side of the road, going east. The ditch prevented me from going farther to the right. This ditch runs along on the right side, and is between two and three feet deep. I was as far as I could get, at the edge of the ditch. When this truck struck me, it was on the left side of the road. At the point where the accident took place, and ahead of the accident, say 50 feet, the road that could be traveled is around 35 to 40 feet wide. The right-hand side of the road, going west, was capable of travel. There was plenty of space for him to pass on the right. The road on the right was all right. It was so it could be traveled. It had been traveled by other vehicles. I was taking the traveled path on the right-hand side of the road, going home, and this truck was using the same side, only coming in my direction."

The party who was with plaintiff at the time of the accident testifies:

"We were on the extreme south edge of the road, just on the edge of the slope. We were right on the edge of the ditch. The truck was all four wheels in the main road,—that is, the south side. The surface of the road could be traveled the whole width. The north side could be traveled also. The truck was then traveling something like 15 miles an hour. I saw the truck coming down. It was on the south side. I did not see him attempt to turn out."

Clearly, plaintiff's evidence in chief made a case for the jury on the question of contributory negligence. It is contended by appellant that, although both the persons in the sleigh at the time of the accident testified in rebuttal, there was no denial of defendant's testimony as to the matters before set out. These are the matters relied upon by appellant as constituting the physical facts, and we suppose the evidence as to the

sleigh tracks is thought to be the most important fact. The examination in reference thereto appears to have been made, if by anyone, by Andrews. The tracks, wherever they were, may not have been observed by plaintiff, and doubtless the snow had melted at the time of the trial, so that it would then be impossible to determine. But in any event, plaintiff and his witnesses had given their version, and stated that the sleigh was entirely out of the track. Defendant's evidence was no more than a contradiction of this, that plaintiff was not entirely out of the track. We are very clear that the question of contributory negligence was for the jury.

2. In addition to the damages claimed for injury to plaintiff's property and to his person, he claimed that he lost three weeks' wages, at $37.50 per week, because of his inability to work.

2. NEW TRIAL: newly discovered evidence: cumulative evidence.

Plaintiff testified that he lost three weeks' time. He testified that, while he was at the plant a few times during the three weeks, he did no work, and was there only a short time. Plaintiff lived a short distance from the city limits. He was employed by the Quaker Oats Company, at manual labor. He was going home at the time of the accident. We gather from the record that the Quaker Oats Company is a connection of the Grain Door Reclamation & Cooperage Bureau, of Chicago, and of the branch concern at Cedar Rapids, Iowa.

The newly discovered evidence is set out in the affidavit of one of defendant's counsel, and a member of the Grain Door concern. The tendency of this evidence is that plaintiff received his full wages from his employer for a period covering the three weeks claimed for, and that plaintiff did not, therefore, lose any time or salary on account of the injury. In resistance thereto, the plaintiff and his wife and one Young filed counter affidavits, the tendency of which is to show that plaintiff was unable to work, and that he did lose three weeks' time, and that plaintiff hired Young as a substitute to do plaintiff's work; that Young did such work; and that for his services plaintiff paid Young $37.50 per week for a period of three weeks. We have not stated the details, but this is the substance of it. We take it that in this way the company paid plaintiff his wages, and their books so showed, and then plaintiff paid

Young. This is but another way of putting it that plaintiff lost his three weeks' wages. There is little, if any, dispute or contradiction of plaintiff's resisting affidavits as to Young's having been furnished as a substitute, and that plaintiff paid Young. Appellant seems to concede that, under cases cited, the rule is that, if newly discovered evidence is not cumulative, and tends to prove that the damage claimed was not sustained by plaintiff, a new trial should be granted; and that the fact that newly discovered evidence is also impeaching is no reason for denying a new trial. Their contention is that the newly discovered evidence offered was not cumulative, etc. Upon the main trial, evidence was introduced both ways as to whether plaintiff had or had not lost time. A witness for defendant testified that plaintiff had not lost three weeks' time, but that, during said period, he was working for his employer. Defendant desires now to introduce further proof of the same nature and to the same point. Appellee contends that defendant may not make such evidence the basis of a new trial, and on this they cite *Clark v. Van Vleck*, 135 Iowa 194; *Rockwell v. Ketchum*, 149 Iowa 507; *Hanousek v. City of Marshalltown*, 130 Iowa 550; and other cases. There was evidence tending to show damage to plaintiff's horse, harness, and sleigh, also damages to his person, and expenses for medicine. The newly discovered evidence has reference to but one item of his damages. Appellee invokes the rule that, to warrant a new trial, it must reasonably appear that the result would be different, and that, in determining this question, the trial court has a large discretion, and will not ordinarily be disturbed on appeal. *Clark v. Van Vleck*, supra; *Henderson v. Edwards*, 191 Iowa 871, 873; *Mullong v. Mullong*, 178 Iowa 552. Appellee cites cases to the further proposition that the determination of the issue of fact set up in the affidavits was for the trial court, and that its finding is conclusive on appeal.

Without entering into an extended discussion of these several propositions, we think that, under this record, there was no error in overruling the motion for new trial. The judgment is—*Affirmed.*

STEVENS, C. J., WEAVER and DE·GRAFF, JJ., concur.