ASHLEY ET AL. v. THE TOWN OF CALLIOPE.

1. **Cities and Towns:** RIVAL VILLAGES IN ONE CORPORATION: SEVER-ANCE. Where a small village became incorporated, and included territory two miles long and one mile wide, and a rival village afterwards sprang up in another portion of the territory so included, and the interests of the villages, whose centres were about a mile apart, were antagonistic, and the land lying between them was not platted or used for town purposes, *held* that a petition by the people of the new village, under §§ 440–446 of the Code, for a severance of their territory from the corporation, was properly granted.

*Appeal from Sioux Circuit Court.*

THURSDAY, MARCH 17.

THIS is a special proceeding, by which it is sought to strike out or sever from the incorporated town of Calliope certain

territory on which the plaintiffs reside. There was a trial by jury, and a verdict was returned directing the territory in question to be severed from the incorporation. Upon this verdict an order was made appointing commissioners to adjust the terms upon which the severance should be made Defendant appeals.

*Wm. Hutchinson* and *Argo & McDuffie*, for appellant.

*Finley Burke* and *George W. Hewitt*, for appellees.

ROTHROCK, J.—Numerous objections are urged by counsel for the defendant to the proceedings. They involve the sufficiency of the petition in the matter of whether it was signed by a majority of the resident property holders of that part of the town sought to be severed; whether the proper notice of the filing of the petition was given; and other alleged defects in the proceedings. We have examined the record and evidence with care, and our conclusion is that the jury was warranted in finding that the statute was in these respects fully complied with. It will be observed that the statute (Code, §§ 440–446, inclusive) provides a method for the trial of the question which is somewhat novel in its character. It authorizes evidence in the form of affidadits to be introduced on the trial. Affidavits were introduced by both parties, and the defendant was permitted to cross-examine the plaintiffs' affiants as to the statements of fact in their affidavits. Complaint is made by the appellant of the statute, in that it authorizes the use of affidavits as evidence. We know of no reason why this may not be done in this peculiar proceeding. It is a mere preliminary inquiry as to the propriety of maintaining the corporate limits of a town to its present proportions. If, in the discretion of the court or jury, the municipal corporation ought not to include within its lines the territory sought to be severed, commissioners are appointed to adjust and determine the terms of the separation.

It appears to us that the only question proper to be considered in the appeal from the order appointing the commissioners is, whether the court and jury abused the discretion reposed in them by the statute. If, from the record and evidence, it is manifest that the territory in question ought not to be severed and stricken from the corporate limits, then the order should be reversed. We find no just cause for interfering with the action of the court and jury in this case; and here we may say, in answer to objections to the evidence, that evidence on the question involved necessarily takes a very wide range. The inquiry is, ought the residents of the territory proposed to be severed be required to remain under the municipal control of the corporation? This involves, not only the proximity of the property to the improved part of the territory incorporated, but involves other questions, such as school privileges, municipal control, rivalries in business enterprises, and the like.

The principal facts in this case are that the town of Calliope was incorporated in October, 1882. It is a station and village on the line of the Chicago, Milwaukee & St. Paul Railroad. Before the town was incorporated, the Chicago & Northwestern Railroad Company constructed a railroad which crosses the Chicago, Milwaukee & St. Paul line about a mile from the village of Calliope. At or near the crossing a town was laid out, platted, and named Hawarden. The village of Calliope incorporated a tract of territory two miles in length by nearly a mile in width, and includes therein the plat of the town of Hawarden. Calliope was then a village of several hundred inhabitants. Hawarden has now become a village of some pretensions. Each village has a post-office and railroad depot, and it is about a mile from the business center of one village to the other. The land between the villages is not platted into lots, nor used as town property. There has been some contention and litigation about the erection of a school-house in the corporation, which by law constitutes an independent school district. It will thus be

seen that these two villages are rivals, each striving for the business of the surrounding country, and they are of necessity antagonistic to each other. It appears to us that the order directing a severance ought not to be disturbed. There is no evidence warranting the claim made that the intervening territory will soon be necessary for residence and business purposes so as to make a compact city. The fact is that each village has its own post-office, its merchants, lawyers, doctors, "butchers, and bakers;" and if the village of Hawarden desires to throw off municipal control, we think the jury was warranted in finding that it ought to be allowed to "go in peace."

AFFIRMED.