| 86  | 315 |
|129  | 53  |
| 86  | 315 |
|132  | 535 |
| 86  | 315 |
|135  | 563 |

JESSE W. MONK et al., Appellants, v. INCORPORATED TOWN OF GEORGE, Appellee.

**Municipal Corporations:** SEVERANCE OF TERRITORY FROM CORPORATE LIMITS. Where in proceedings upon a petition for the severance of certain lands from the corporate limits of a town, it appeared that the land had not been platted into lots, and that only a small portion of the lots in the platted portion of the town were occupied, and that portions of the land of the petitioner were low and occupied by sloughs, but that it was within one block of the business portion of the town, and, if platted, a portion of it would be in demand for lots; and it did not appear that the land was desired by the town merely for revenue purposes, nor that the taxes were more than they would be outside the limits of the town, *held,* that the denial of the plaintiff's petition was not an abuse of the discretion conferred upon courts and juries in such cases under the provisions of section 443 of the Code.

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FRIDAY, OCTOBER 14, 1892.

PROCEEDING for the severance of territory included within the limits of an incorporated town. There was a trial by the court, and a judgment in favor of the defendant. The plaintiffs appeal.—*Affirmed.*

*A. Van Wagenen,* for appellants.

*Parsons & Crose,* for appellee.

ROBINSON, C. J.—The defendant was incorporated in April, 1890, its corporate limits including the west half of section 1, and all of section 2, in township 98, north of range 44 west, in Wheeler township, Lyon county, and the south half of section 35, and the southwest quarter of section 36, in township 99 north, of range 44 west, in Liberal township, Lyon county.

The plaintiffs own the south half of section 35, and the southwest quarter of section 36, and ask that this land be severed from the territory of the defendant. No part of it has been platted into lots, and the plaintiffs claim that it is low and undesirable for residence property, and is not now, and probably never will be, used for municipal purposes. The defendant contends that the land in question is contiguous to its platted territory; that it is in all respects suitable for town purposes, and will be needed in consequence of the future growth of the town; and that it is now so near the thickly inhabited portion of the town that it should be retained within its corporate limits for police purposes.

The platted portion of the territory of the defendant occupies the northeast quarter of section 2. There are about fifty buildings on that territory, and not more than two or three new ones are added to the number each year. Only a small portion of the lots in the platted portion of the town are occupied by buildings, and there is land east and south of it which is higher, and in some respects more desirable for residence purposes than is the land in question, some of which is low and occupied by sloughs. It is shown, however, that the business portion of the town extends to within about one block of that land, and evidence was introduced which tends to show that portions of it are desirable for residence purposes, and there would be a demand for lots there if they were platted and offered for sale.

Section 1051 of the revision of 1860 authorized a severance of territory in a case of this kind, "if the court or jury shall be  *  *  *  satisfied that justice and equity require that the prayer of the petitioners should be granted." The words, "that justice and equity require," are omitted from section 443 of the Code, which authorizes a severance "if the court or

jury shall be   *   *   *   satisfied that the prayer of
the petitioner should be granted." It is not easy to
state the effect of dropping the words specified. Cer-
tainly there was no intent on the part of the legislature
to authorize a finding which should be unjust or
inequitable. It is probable that the purpose of the
change was to allow the court and jury greater latitude
in determining what would best promote the present
and future welfare of all parties in interest. However
that may have been, the existing law lodges a larger
discretion in the jury or trial court discharging the
functions of a jury, and the conclusion reached by
either cannot be interfered with by this court, unless
an abuse of that discretion be shown. *Ashley v. Calli-
ope*, 71 Iowa, 468.

It was said in *Evans v. Council Bluffs*, 65 Iowa,
239, that cities ought not to be permitted to retain
lands within their limits which are not needed for city
purposes, and which are not benefited by being within
the corporation, and against the will of the owner, for
the mere purpose of deriving revenue therefrom, and
the same rule would apply to incorporated towns.
But it does not appear that in this case the land in
question is desired for revenue purposes, nor that the
taxes thereon are more than they would be if it were
outside the limits of the town. The wishes of the
owners of the land are entitled to weight, but should
not be permitted to control. The future growth of the
town, its probable improvement, especially for sanitary
purposes, the importance of having jurisdiction of the
territory for various purposes accomplished by the
exercise of the police powers of the town, and perhaps
other matters—should be duly considered. No doubt
this was done by the district court, and the question
for us to determine is not whether, on the evidence
submitted, we should have reached the conclusion
which it did, but whether an abuse of the legal discre-

tion with which it was vested is shown.

We are of the opinion that the question must be answered in the negative. The judgment of the district court is AFFIRMED.