J. M. CHRIST *et al.*, Appellants, v. THE CITY OF WEBSTER CITY.

**Municipal corporations:** SEVERANCE OF TERRITORY: *Evidence.* The owners of unplatted and exclusively agricultural land within the limits of a city are not as matter of law entitled to have such land severed from the city on the claim that it is not needed for any possible increase of the city's population, that they are prejudiced by being taxed on a higher valuation than similar farm lands outside of the city and do not receive a due proportion of benefit therefrom, and that they are deprived of school advantages which they would enjoy if the land were severed from the city; and such facts do not warrant the setting aside of a verdict for the city.

**New trial:** AFFIDAVITS: *Impeachment of verdict.* Affidavits of jurors that they misunderstood the instructions cannot be considered on a motion for a new trial, to impeach their verdict.

*Appeal from Hamilton District Court.*—HON. B. P. BIRDSALL, Judge.

FRIDAY, APRIL 8, 1898.

THIS is a proceeding, under sections 440 to 446, inclusive, of the Code of 1873, to strike certain territory out of the limits of the defendant city. The case was tried to a jury, and a verdict returned as follows: "We, the jury, find for the defendant, that the territory described in the plaintiffs' petition and plat thereto

attached should not be severed from said city." Plaintiff's motion for a new trial was overruled, and judgment entered for the defendant for costs. Plaintiffs appeal.— *Affirmed.*

*Hyatt & Hyatt* and *D. C. Chase* for appellants.

*C. A. Weaver* and *A. N. Boetye* for appellee.

GIVEN, J.—I.  Said section 440 provides that, when the inhabitants of a part of any town or city shall desire to have the part of the territory of such city or town in which they reside severed from the city or town, "they may apply by petition in writing, signed by a majority of the resident property holders of that part of the territory." Said section 443 provides that, if the court or jury shall be satisfied that the petition has been signed by a majority of the property holders residing within the limits of the part sought to be detached, they shall proceed to inquire as to the other matters required to be established.  In this case it was denied that the petition was so signed, and, in submitting that issue, the court instructed, in effect, as follows:  That the jury should first determine whether the petition had been signed by a majority of the property holders residing within the limits sought to be detached, and that, in doing so, they should only count the names of the persons signed to said petition who were, at the date of the signing and filing thereof, the actual owners of the land, and actually residing within the territory sought to be severed.

Appellants, in support of their motion for a new trial, filed the affidavit of nine of the jurors, in which they say "that the jury, in consideration of said cause, understood from the instructions given by the court that, before they could consider the rights of the plaintiffs to be detached from the defendant city, they should first find that a majority of the petitioners reside

upon the land sought to be detached; that they failed to so find, and for that reason, and that reason alone, returned a verdict for the defendant; that the jury never considered the question of the right of the plaintiffs to be detached from the city." There was not the slightest reason for misapprehending the instructions. They are plain and in exact harmony with the statute. It is sufficient to say, however, as to the claimed misapprehension of the instructions, that this court has uniformly held that such affidavits cannot be considered to impeach a verdict. See *Davenport v. Cummings*, 15 Iowa, 219; *Jack v. Naber*, 15 Iowa, 250; *Wright v. Telegraph Co.*, 20 Iowa, 195; *Turney v. Barr*, 75 Iowa, 750.

II.    Appellants insist that the verdict is contrary to the evidence, and that for this reason the court erred in overruling their motion for a new trial. Appellants' lands have not been platted, and are used exclusively for agricultural purposes. They insist that the evidence shows that their lands are not needed for any possible increase of the city's population, and that they are prejudiced by being taxed upon a higher valuation than like farm lands outside of the city, are subject to a higher road tax than outside lands, and do not receive a due proportion of benefit therefrom; also, that they are deprived of school advantages which they would enjoy if severed from the city. This is not a question of annexing, but of detaching, territory. To retain these lands within the city limits does not render them less valuable nor less available for agricultural purposes. As to the needs of the city, we cannot say, in the face of this evidence and verdict, that probable development may not make it to the interests of the city that this territory be retained. We agree with counsel that it is not the purpose of the law to permit municipalities to extend their limits merely for the purpose of enlarging their margin for taxation, and for

incurring indebtedness; but this land is within the city limits, presumably because the requirements and interests of the city demand it. We cannot presume that appellants will be taxed upon other than a fair valuation, nor that, if so taxed, the equalization boards will not offer them proper relief. Their remedy against unequal taxation is with the board of equalization, and not by this proceeding. The same is true as to the application of the road tax. If it is improperly used or applied, the remedy is not by being detached from the city. While appellants may pay more road tax than is paid on farm lands outside of the city, it is shown they have corresponding benefits, in better roads, and in a full share in the application of the road tax of the city. The school district is not necessarily co-extensive with the limits of the city. It appears that no demand has ever been made by any of the appellants for different school facilities than those now enjoyed. Without further discussing the subject, we will say that, in our opinion, the appellants have failed to show such a state of facts as would warrant us in setting aside the verdict. Our conclusion is that the judgment of the district court should be AFFIRMED.