M. H. LUICK *et al.* v. THE INCORPORATED TOWN OF BELMOND, Appellant.

**Petition for Severance of Territory:** SUFFICIENCY. Reasons for desiring a severance need not be stated in a petition under Code, section 440, Code of 1873, providing, that, when the inhabitants of a part of a town desire to have it severed from the limits of the town, they may apply by petition, signed by the majority of the people of such part, to the court, which petition shall describe the territory proposed to be severed, attaching a map thereof,. and naming the persons authorized to act as petitioners.

WAIVER. Even if a petition for severance of territory from a town should state the reasons for desiring it, its failure to do so is waived by going to trial without request that it be made more specific.

**Plea and Charge.** Upon a petition praying severance of territory from a town which petition states no reason and is not attacked by motion for more specific statement, the court may tell the jury that the territory should not be retained simply to produce revenue.

*Appeal from Wright District Court.*—HON. B. P. BIRDSALL, Judge.

WEDNESDAY, OCTOBER 18, 1899.

THIS proceeding was commenced, under section 440 of the Code of 1873, for the severance of certain territory from the limits of the incorporated town of Belmond. The independent district of Belmond was made a defendant, and after answer by the defendants the plaintiff dismissed as to said independent district. Judgment was rendered granting the prayer of the petition, and from this judgment the incorporated town of Belmond appeals.—*Affirmed.*

*Nagle & Nagle* for appellant.

*McGrath & Byran* and *A. J. Lary* for appellees.

GIVEN, J.—Said section 440 provides as follows: "When the inhabitants of a part of any town or city shall desire to have a part of the territory of such city or town in which they may reside severed from, or stricken out of the limits of such city or town, they may apply by petition in writing, signed by the majority of the resident property-holders of that part of the territory of such city or town, to the circuit (district) court of the county, which petition shall describe the territory proposed to be thus severed or stricken out of the limits of such city or town, and have attached thereto an accurate map or plat thereof, and shall also name the persons or person authorized to act in behalf of the petitioners in the prosecution of said petition." This petition shows the different parts of the territory sought to be severed, owned by the petitioners, respectively and concludes as follows: "All of which is shown by a map of said territory hereto annexed, marked 'Ex. A,' and made a part of this petition; and they asked to have all of said territory set apart from the incorporated town of Belmond, and from said Ind. Dist. of Belmond; and we hereby authorize A. J. Lary to act in our

behalf in the prosecution of this petition." In stating the
case to the jury the court said that the plaintiffs "bring this
action asking that the lands described in their petition be
severed from, or taken out of the limits of, said incorporated
town, on the ground that the same are used for agricultural
purposes only, and are not needed for settlement by the pop·
ulation of such town, nor for any proper municipal purpose."
Appellant insists that, as there was no allegation of such
grounds for the severance, it was error for the court
to so instruct. Said section 440 does not require that
the reasons for desiring the severance shall be stated,
and we think, in view of other provisions of the statute for
this proceeding, that it was not intended that the ordinary
rules of pleading should apply in such cases. If it were
otherwise, the appellant has no cause to complain, as it did
not ask that the petition be made more specific, but went to
trial upon it as it was.

Appellant insists that, if no grounds need be alleged,
the court in stating the issues should include "all the ele-
ments entering into the question that were to be determined
by the jury in arriving at their verdict"; that the court
should submit all the elements or reasons for the severance
of which there was evidence; and this we think the court did.

Appellant complains that the court told the jury that
the territory should not be kept within the corporation for
the mere purpose of deriving revenue therefrom, upon
the ground that there was no such issue, nor any evi-
dence upon this question. We think it was in issue,
for the reasons already stated, and there certainly was evi-
dence upon which to base the instruction, namely, as to the
taxation of this territory.

It is further insisted that the judgment is not supported
by the evidence, but we think it has such support as that,
under familiar rules, we would not be warranted in disturb-
ing it.—AFFIRMED.