Erik Johnson, Appellant, v. The Incorporated Town of Forest City, Appellee.

Municipal corporations: SEVERANCE OF TERRITORY: EVIDENCE. In an action to sever outlying territory from the boundaries of a municipality the primary inquiries are, will the territory be reasonably required in the future growth of the town, and, should it be retained for sanitary and police purposes. These are questions for the court or jury and in the absence of an abuse of discretion the finding will not be disturbed. Evidence held to support a finding against severance.

*Appeal from Winnebago District Court.*— Hon. J. F. Clyde, Judge.

Friday, November 17, 1905.

Action for the severance of certain territory from the defendant town. The application is signed by plaintiff and practically all the people living upon the territory sought to be detached. The town resisted the application, on the ground that the territory was needed for the future growth of the municipality, that it needed police regulation and sanitary protection, and was used for residential purposes by many business men of the town. On these issues the case was tried to the court, resulting in a judgment dismissing the application, and plaintiff, the largest landowner within the territory, appeals.— *Affirmed.*

*C. H. Belsheim,* for appellant.

*George D. Peters,* for appellee.

Deemer, J.— The territory sought to be severed consists of 480 acres of land, being a tract one-fourth of a mile wide off of the east part of the defendant town. A part of

this land has never been subdivided; but a large part of the east half of what is known as section 36, being the land nearest to the business part of the town, has been. This subdivision has been divided into tracts of from two and one-half to five acres in extent. Twenty-five or thirty families live upon these tracts, most of them using them purely for residential purposes and not for the purpose of obtaining a livelihood therefrom. The heads of these families as a rule are business or laboring men who do not use their property for agricultural purposes, as that term is generally understood. More than half the land sought to be severed is, however, used purely for agricultural purposes. Between this land and the main part of the town is a low flat piece of ground, through which runs a stream known as "Lime Creek"; and adjacent to this stream, and between it and the main part of town is the county fair ground. The railway depot grounds are west and north of the fair grounds, and between the fair ground and the main business part of the incorporation. A public street or highway runs through the land sought to be severed, and another runs along part of the west side thereof. There is also an alley through part of the tract, dedicated to the use of the owners of the lots adjoining the same. The entire tract is desirable and suitable for residential purposes; and, although there are no streets and alleys save those already mentioned, and the tract has no fire protection, and but one small piece of sidewalk, it has been policed by the town, and has been subject to its sanitary regulations. All but about 5 per cent. of the original town plat of Forest City is now occupied. The town has had rather a rapid growth, having nearly doubled in population during the decade between 1880 and 1890.

Section 622 *et seq.* of the Code provides for severance of territory from a city or town; but the matter is evidently left to the sound discretion of court or jury. The wishes of the owners, while entitled to some weight, are not controlling, and the ultimate questions are: Is the territory reasonably

needed in anticipation of the future growth of the town ?    Is
it important that the territory be retained for sanitary pur-
poses, or that the town have jurisdiction thereover for the
purpose of policing the same ?    It is quite important that a
town retain .control over territory upon which any consider-
able number of people' reside in close proximity to the main
business or residential section in order that it may exercise
its police powers thereover; and, if it be desirable residential
territory and is likely to be built up in the future, there is
every reason for retaining control thereof.    See *Monk v.
Town,* 86 Iowa, 315; *Christ v. Webster City,* 105 Iowa, 119.

The questions just suggested are primarily for the court
or jury trying the case, and the finding of court or jury will
not ordinarily be disturbed in the absence of a showing of
abuse of discretion.    *Ashley v. Town,* 71 Iowa, 468.    Of
course, if there be no other purpose in holding the territory
than to derive an income therefrom by way of taxation, the
land should be relieved of this burden.    *Evans v. City,* 65
Iowa, 239.    On the other hand, the applicants should not be
allowed to get out simply to escape taxation.    If the terri-
tory is reasonably needed for any of the purposes above sug-
gested, the owners thereof should pay their just proportion of
the public burdens.

We have gone over the evidence with care, and discover
no reason for reversing the judgment of the trial court.    It is
therefore *affirmed.*