IN THE MATTER OF THE SEVERANCE OF TERRITORY FROM THE TOWN OF LE ROY, IOWA.

**Municipal corporations:** SEVERANCE OF TERRITORY: EVIDENCE. It is a proper exercise of statutory power to include within the limits of an incorporated city or town a reasonable amount of agricultural land; and in a proceeding to sever the same evidence that there is no immediate demand for such land for business or residence purposes is not controlling on the merits of the applications.

**Same.** The fact that agricultural lands within a corporation are assessed at a higher valuation than similar lands outside the corporation is not ground for severance.

*Appeal from Decatur District Court.*— HON. H. K. EVANS, Judge.

THURSDAY, OCTOBER 17, 1907.

ACTION to sever certain alleged agricultural lands from the town of Le Roy, Iowa. Petition denied, and a part of the petitioners appeal.— *Affirmed.*

*J. W. Harvey & Son* and *S. H. Amos,* for appellants.

*C. W. Hoffman,* for appellee.

WEAVER, C. J.—The territory included in the corporation is about three-fourths of a mile in length and less than a half a mile in width. If the prayer of the petition had been granted, the incorporated territory would be reduced to one-half a mile in length by one-fourth a mile in width, all of which has been platted into small residence and busi-

ness lots.   The proceeding is at law, and the central question at issue is one of fact, and if there be any evidence on which the judgment below can be fairly sustained, we are not authorized to interfere with it.   No such want of evidence is disclosed in the record.   The fact upon which appellant largely relies, that there is no immediate demand for the lands in question for business or residence purposes by inhabitants of the town, is not controlling, though it is a matter proper to be considered in ascertaining the merits of the application.

As will have been noted from the statement of facts, the town as it now exists includes but a small area of land, and to grant the petition as presented would restrict it entirely to the eighty-acre tract, which has already been platted into blocks and lots.   One of the chief benefits sought to be promoted by the incorporation of a town is the police protection to be secured by local municipal government.   If the territory embraced in the town be compressed into too narrow limits, the effect of many of its ordinances and regulations may be neutralized by parties living or assembling just outside of the town lines, and over whom the municipal authorities have no jurisdiction or control.   So, also, the sanitary regulations of the town would often be ineffective if its jurisdiction could not be extended to some reasonable distance beyond the town plat.   It would be difficult to find any town or city in Iowa which does not extend beyond its platted territory and include more or less lands of an agricultural character, and this court has uniformly held that within reasonable bounds this is a proper exercise of the statutory power conferred upon municipalities.   See *Monk v. George,* 86 Iowa, 315; *Christ v. Webster City,* 105 Iowa, 119; *Johnson v. Forest City,* 129 Iowa, 51; *Hanson v. Cresco,* 132 Iowa, 533.   The judgment of the district court finds support in the evidence.

The only other contention on part of the appellants is

1. MUNICIPAL CORPORATIONS: severance of territory: evidence.

that the evidence demonstrates that their lands are assessed for taxation at a higher figure than would be the case if they were not within the town limits. We think this conclusion is by no means certain from the record, but, even if it were, we held in the *Cresco* case — our latest decision bearing on that question — that we cannot assume that the assessors on either side of the line will do otherwise than assess the property at its fair value in proportion to other like property similarly situated, or that any error in such assessments cannot be rectified by invoking the remedies which the law provides. Moreover, we are not able to say that inclusion within the incorporation may not give rise to benefits which tend in some measure to advance the market value of the land over other similar tracts not so included.

2. SAME.

No error appears in the record, and the judgment of the district court is *affirmed*.