Frank G. Wilson et al., v. City of Waterloo, Appellant.

**Severance of territory:** ADMISSION OF EVIDENCE: HARMLESS ERROR.
1 While the effect upon the question of taxation of territory because of annexation to a municipality is immaterial in a proceeding for its severance, still the admission of evidence to the effect that annexation increased the tax and that the territory was taken in for the purpose of revenue only, was not prejudicial, since it had some tendency to show that its retention was sought on the ground of revenue, which is a material inquiry; especially in view of the court's instruction that it could not be presumed that the parties would not be fairly treated in the matter of taxation, and that their remedy, if aggrieved, was with the board of equalization and not by the severance proceedings.

**Same:** REVIEW ON APPEAL. The trial of a proceeding for the sever-
2 ance of territory is made by statute less technical than ordinary trials, and the findings of the court or jury will not be disturbed unless a clear abuse of discretion is shown.

*Appeal from Black Hawk District Court.*—Hon. A. S. Blair, Judge.

Tuesday, June 9, 1908.

ACTION to have certain territory severed from the city of Waterloo. There was a verdict and judgment for the plaintiffs, from which the defendant appeals.— *Affirmed.*

*B. F. Swisher* and *J. E. Williams,* for appellant.

*Charles B. Halliday, Ellis E. Wilson,* and *Mears & Lovejoy,* for appellees.

SHERWIN, J.— The petition alleged that the territory which the plaintiffs asked to have severed from the limits of the defendant is wholly used for agricultural purposes; that there were no streets or alleys through or abutting thereon; that none of said land is needed for streets or alleys or for city purposes of any kind; that no part thereof is platted or ripe for platting; that said territory is almost entirely surrounded by farm lands used wholly for agricultural purposes, none of which is platted; and that the annexing of said territory was unreasonable and improper. The evidence unquestionably supports all of these allegations, and the verdict and judgment should be affirmed, unless error appears of such a prejudicial character as to require a reversal. One or two witnesses were permitted to testify, over the defendant's objections, as to the assessed valuation of their land before they were taken into the city of Waterloo and their assessed valuation after they were so taken into the city. Testimony tending to show that the territory was incorporated for the purpose of revenue only was also received; and because of these rulings the appellant asks a reversal.

In *Christ et al. v. City of Webster City,* 105 Iowa, 119, it was said that it cannot be presumed that the petitioners for severance will be taxed upon other than a fair valuation, " nor that, if so taxed, the equalization boards will not offer them proper relief. Their remedy against unequal taxation is with the board of equalization, and not by this proceed-

ing." And in *Hanson v. City of Cresco,* 132 Iowa, 533, we held there was no error in excluding evidence offered to show the valuation fixed by the assessors and the rate of taxation. We also held in the same case that testimony as to how the territory came to be within the limits of the city was immaterial. The case last cited is the only one that even tends to support the appellant's contention; but it does not in reality do so. The original purpose in annexing the territory is not material in an action for its severance; but the purpose for which it is sought to be retained is of the utmost materiality, for, if it is made to appear that the only real object is to receive revenue therefrom, the land should be relieved of the burden of such taxation. *Johnson v. Town of Forest City,* 129 Iowa, 51; *Evans v. City of Council Bluffs,* 65 Iowa, 239. The testimony received had at least some bearing on this question, and we are not prepared to hold that there was prejudicial error in the rulings. The court instructed on this very question, saying to the jury in the language of our cases: "It cannot be presumed that the plaintiffs will be taxed upon other than a fair valuation nor, if so taxed, that the equalization boards will not offer them proper relief. Their remedy for unequal taxation is with the board of equalization and not by this proceeding." It must be presumed that the jury followed the law as given them in the instructions, and, if they did do so, they must have found that the plaintiffs were not entitled to severance merely because of increased assessable valuations. Moreover, in *Luick v. Inc. Town of Belmond,* 109 Iowa, 361, it was said that the court properly told the jury that territory should not be kept within a corporation for the sole purpose of taxation, and that whether it was so intended or not was a question for the jury.

Again, the statute provides for a trial of the question without the usual technical formality of ordinary trials, and we have held the finding of court or jury will not ordinarily be disturbed, unless there is a clear showing of abuse of discretion.

There is nothing in this record demanding a reversal of the judgment, and it is therefore *affirmed.*