JOHN P. PEEK and WM. KNOWLES v. CITY OF WATERLOO, Appellant.

JAMES H. PEEK v. CITY OF WATERLOO, Appellant.

Municipal corporations: SEVERANCE OF TERRITORY: EVIDENCE. Evidence that the tax assessed against agricultural lands within corporate limits was higher than it would have been if not included within such limits is not admissible, in a proceeding to sever the territory, to show a depreciated market value because of its inclusion within the city.

Same: RULES OF EVIDENCE. Proceedings for the severance of territory from a city are governed by the ordinary rules of evidence applicable to civil actions, and a reversal may follow the reception of wholly immaterial evidence which has affected the result.

Same: EVIDENCE. In proceedings for the severance of territory the motive which led to the annexation in the first instance cannot be inquired into.

*Appeals from Blackhawk District Court.*— HON. A. S. BLAIR, Judge.

TUESDAY, JUNE 9, 1908.

THESE two actions were proceedings instituted and tried under the provisions of Code, sections 622–627, to have certain territory, consisting of lands used solely for agricultural purposes, severed from the corporate limits of defendant city.   In the first there was a trial to the court without a jury, and judgment was entered for the plaintiffs.   In the second case there was a trial to a jury and a verdict in favor of the plaintiffs, and judgment was rendered thereon.   In each case the defendant appeals.— *Reversed.*

*B. F. Swisher* and *J. E. Williams,* for appellant.

*Mears & Lovejoy,* for appellees.

McCLAIN, J.— As to the principal error relied upon for reversal the record in the two cases is substantially the same, and they may be considered together.

I.   Testimony was admitted, over defendant's objection, that, although the land was not subject to city taxation, the taxes thereon for State, county, and other purposes not

**1. MUNICIPAL CORPORATIONS: severance of territory: evidence:** municipal were higher than they would have been had the land not been included within the city limits.   In other words, the claim supported by the evidence received was that, although the lands were not assessed for any different purposes than those for which they would be assessable, if not included within the city limits, yet, by reason of the action of the city assessor in affixing a higher valuation than would have been affixed by the township assessor if the lands had not been within the city limits, it was a detriment to plaintiffs to have their lands thus included within the boundaries of the city.   We have already held that as the city assessor is governed by the same rules in affixing valuation to lands in-

cluded within city limits as those which govern the township assessor in valuing lands not within such limits, and as the land owner has a remedy for excessive valuation of his property by appeal to the board of equalization, it cannot be presumed that he suffered any detriment by having his land valued by the city assessor rather than by the township assessor. *Christ v. Webster City,* 105 Iowa, 119; *Hanson v. City of Cresco,* 132 Iowa, 533; *In re Town of Le Roy,* 135 Iowa, 562; *Wilson v. Waterloo,* 138 Iowa, 628. There was error, therefore, in receiving and considering in the first case, and in submitting to the jury in the second case, evidence that the valuation of the lands for taxation by the city assessor was greater than it would have been if they had been severed and valued by the assessor of the township. Appellees insist that this evidence was admissible for the purpose of showing that the market value of plaintiffs' lands was depreciated by reason of being included within the limits of the city. But this seems to be an afterthought on the part of the counsel for appellees. In neither case was the evidence offered as having any bearing on the question of market value, and we cannot see that the evidence would have any legitimate bearing on that question. The decrease in value, if any, could not be due to the fact that the lands were to be valued by the city assessor rather than by the township assessor if the basis for the valuation must necessarily be the same. Therefore the evidence with reference to increased taxes due to an increased valuation on account of the land being within the city limits was improperly received.

II.   Counsel for appellees contend that proceedings for the severance of territory are not to be governed by the technical rules applicable in other actions, and that an error

2. SAME: rules of evidence.

in the admission of evidence ought not to result in a reversal, if, on the whole case, the conclusion reached is sustainable on any ground found in the record; but the statute provides for a hearing before the

district court, with a jury if demanded by either party, and there is nothing to indicate that the ordinary rules applicable to civil actions in the admission of evidence shall not apply, save that the evidence may be submitted by affidavits in support of or against the petition. We see no reason for holding that the parties are not to be limited in their submission of evidence to facts which are material, nor for refusing to reverse the judgment of the lower court if immaterial matters have been taken into consideration, which may be presumed to have affected the result.

III. In the second case plaintiffs were allowed, over defendant's objection, to introduce evidence tending to show that the motive for the original annexation of this territory to the city was to increase the total valuation of the property within the city limits, so that the proposed indebtedness of the city would not exceed the constitutional limitation of indebtedness. This evidence, we think, was clearly not admissible. In determining whether territory which is within the limits of a city should be severed the motives which led to its original annexation cannot be inquired into. The question to be determined is simply whether under existing conditions such territory should be severed. *Hanson v. City of Cresco,* 132 Iowa, 533.

*3. SAME:*
*evidence.*

For the reasons indicated, the judgment of the lower court in each of the cases is *reversed.*