PLATT PRESSED & FIRE BRICK COMPANY, Appellant, v. THE INCORPORATED TOWN OF VAN METER, Appellee.

**MUNICIPAL CORPORATIONS:** Severance of Territory—Wishes of
1 People—Sanitary and Police Needs. In an application for the severance of territory from an incorporated city or town (Sec. 622 et seq., Code 1897), material considerations are (a) the wishes of the people and the benefits, if any, enjoyed by them by being within the incorporation, (b) whether the purpose of holding the property within the incorporation is solely to derive taxes thereon, and (c) whether the territory is reasonably needed for the future growth of the city or town and for sanitary and police purposes. *Held*, a refusal to sever was justified.

PRINCIPLE APPLIED: Application to have land severed from a small town which had remained stationary in population for 25 years or more. There was but little occasion for more building lots. Two separate creeks, subject to unhealthful overflow, touched or flowed through the land sought to be severed, the overflow at times reaching some of the streets of the town. Brick kilns, the gases from which were at times offensive, and sidetracks occupy part of the land in question. Disorderly and indecent laborers sometimes occupied bunk cars for considerable periods of time, and tramps not infrequently loitered around the kilns. Sunday ball games, unlawful by ordinance, were at times played on the land in question. Those asking a severance derived some advantage from sidewalks and lights. A much frequented public road was half in the town and half in the territory sought to be severed. *Held*, a severance was properly denied.

**APPEAL AND ERROR:** Municipal Corporations—Severance of Ter-
2 ritory—Trial to Court—Effect of Finding. The judgment of the trial court that certain territory ought not to be severed from the municipal corporation will be given the force and effect of a jury finding, and must stand as a finality unless abuse of discretion is shown.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

FRIDAY, JUNE 18, 1915.

ACTION at law brought by the appellant to sever territory from the incorporated town of Van Meter. A jury was waived and the cause tried to the court. The court dismissed the plaintiff's petition and the plaintiff appeals.—*Affirmed.*

*Bert B. Welty* and *Dingwell & Clark,* for appellant.

*White & Clarke,* for appellee.

PRESTON, J.—The only question is as to whether, under the law and the evidence in the case, the plaintiff was entitled to have its land, which is included in the defendant corporation,

1. MUNICIPAL CORPORATIONS : severance of territory : wishes of people : sanitary and police needs.

severed therefrom, and this involves the proposition as to whether the court was justified under the evidence in finding that the territory sought to be severed was necessary for the future growth of the town, or that it was necessary that it have jurisdiction of it for sanitary and police purposes.

The population of the defendant town is three hundred eighty-six, and has remained substantially stationary for the last twenty-five or thirty years. It is said by appellant that the town was so quiet that one resident attempted to purchase a lot close to a church so his wife could see some activity. Appellee concedes that the town was not suffering from any particular boom, but it contends that the evidence shows there was comparatively no property available for residence purposes within the limits of the old corporation. Of course, plaintiff could not be compelled to sell any of its property for residence purposes. The appellant says there were fifty-six vacant lots suitable for residences, but appellee says that most of the residence properties in the town have more than one lot used in connection with the residences for barns, gardens, orchards, etc. We shall not go into the evidence further on this proposition, but content ourselves with saying

that if the only question was whether the town required the lands of appellant for residential purposes, or for the future growth of the town, we should be inclined to reverse.

But there are other questions more important and they are, as before stated, whether it was necessary that the town have jurisdiction of this territory for sanitary and police purposes. As to these questions, it is not so much what we would find were we the triers of fact, but whether the trial court abused its legal discretion in refusing to sever plaintiff's property. The case being at law, the judgment of the trial court upon the facts has the effect of the verdict of a jury.

2. APPEAL AND ERROR: municipal corporations: severance of territory: trial to court: effect of finding.

As said in *Monk v. Town of George,* 86 Iowa 315, the question for us to determine is not whether, on the evidence submitted, we should have reached the conclusion which the trial court did, but whether an abuse of the legal discretion with which it is vested is shown.

It is said by appellant that, where there is an abuse of discretion, the court will set aside the findings of the trial court or trial jury, and this is the rule. *Ashley v. Town,* 71 Iowa 466, 468.

In the same case, and other cases, it has been said that "The wishes of the owners, while entitled to some weight, are not controlling, and the ultimate questions are: Is the territory reasonably needed in anticipation of the future growth of the town? It is important that the territory be retained for sanitary purposes, or that the town have jurisdiction thereover for the purpose of policing the same? It is quite important that a town retain control over territory upon which any considerable number of people reside in close proximity to the main business or residential section in order that it may exercise its police powers thereover. . . . Of course, if there be no other purpose in holding the territory than to derive an income therefrom by way of taxation, the land should be relieved of this burden. *Evans v. City,* 65

Iowa 239. On the other hand, the applicant should not be allowed to get out simply to escape taxation. If the territory is reasonably needed for any of the purposes above suggested, the owners thereof should pay their just proportion of the public burdens." *Johnson v. Town of Forest City*, 129 Iowa 51.

As bearing upon this point and the other questions, see: *Hanson v. Cresco*, 132 Iowa 533; *In re Town of Le Roy*, 135 Iowa 563; *Peek v. City of Waterloo*, 138 Iowa 650; *Christ v. Webster City*, 105 Iowa 119; *Johnson v. Town of Forest City, supra.*

In our opinion, the evidence does not show that the purpose of the defendant town in seeking to retain the property owned by plaintiff was only to derive an income therefrom by taxation.

It is said by appellant that there have been no wars or disturbances on the Platt land and no necessity for peace officers patroling it.

We shall refer to some of the facts which are established, or which the court could have so found, bearing upon the question as to whether it was proper to retain this territory for sanitary or police purposes. The plaintiff's property is west of and adjoins an addition or two to the original town. Its kilns and ovens are near the corporate limits. The railroad is north of the town, coming in from the northwest, and passes or crosses plaintiff's property near the ovens. South of the town is a creek or two crossing a part of plaintiff's property. The town is located upon bottom land upon the south bank of the Raccoon River. The creek at the south and west at different seasons overflows the surrounding low land extending up and overflowing the south ends of portions of the lots in one of the additions to the town and the south ends of some of the lots in the original town. At these seasons, rubbish, bodies of dead animals and refuse are carried down and deposited along this creek, and this overflow is in close proximity to the town on the south side. There is

another creek that comes down from the west, draining the high portions of the Platt land and other land which strikes the east line of the Platt land on the south end of Main Street. From this point, it turns north and runs practically along the line of the old corporation along the east line of appellant's land. At times, the flow of water through this creek is so great that it overflows its banks and overflows the streets of the town. This creek does not discharge into and is not connected with the creek running south of the town, and it is contended by defendant that it is necessary that defendant town should have control of the creeks near the town and be able to control the flow of water and drainage for the purpose of sanitation and for the protection of the streets and alleys of the town against overflow from the creeks.

Plaintiff is and has been for some years maintaining a brick and tile plant just west of the old limits of the town. The buildings are about one hundred fifty feet west of the old town line. The kiln buildings are a short distance west and north of the other buildings. The most westerly of these kiln buildings is from two to three hundred feet west of the west corporation line. Some twenty-five or thirty men are employed about plaintiff's plant; several families live in the residence buildings upon the grounds; the kilns are operated day and night. Occasionally tramps are found sleeping and loitering about the kilns in the cooler weather. Two tracks extend south from the railway to the kilns, upon which cars are frequently left standing, and sometimes bunk cars, with Mexican laborers quartered therein, are left there for considerable periods of time. There is testimony that some of these laborers occupying these cars were disorderly and were given to indecent exposures, and there has been complaint of the citizens on account of this. The city had sought to control the placing and maintenance of these cars. A portion of plaintiff's grounds just west of the original town has been used as a ball park, on which Sunday games of ball have been played. The playing of baseball is pro-

hibited by the ordinances of the town. At some seasons of the year, the gases from plaintiff's plant are offensive to people living in the west part of town.

We think the trial court was justified in concluding that the location of the plaintiff's grounds is such that the exercise of police jurisdiction over them is desirable, and that it was necessary to retain such territory for sanitary purposes.

One or two other circumstances may be mentioned as bearing upon this point. The plaintiff's grounds are so located that they or the people living on them enjoy some benefit from the electric lighting of the streets of appellee along the west line of the town, and enjoy the benefits of its sidewalks leading up to its grounds. These benefits are enjoyed to some extent by the appellant's officers and employees, some of whom live in the town of Van Meter. The public highway running south of the old corporation line was one half within the corporation and one half on the territory sought to be severed. This highway is a part of what is known as the White Pole Road and is much used by motor vehicles, other vehicles and foot passengers. As stated, the town is small and not increasing in population. The evidence is not very strong, perhaps, and yet we think there was no abuse of discretion in the trial court in refusing to sever plaintiff's property. The judgment is, therefore,—*Affirmed.*

DEEMER, C. J., EVANS and WEAVER, JJ., concur.