IN RE TOWN OF UNION.

APPEAL AND ERROR: Review—Scope and Extent—Theory in
1  Lower Court. If a cause has been treated in the lower court as one in equity, it will be so reviewed on appeal.

MUNICIPAL CORPORATIONS: Severance of Territory—Review
2  of Authorities. Authorities governing severance of territory reviewed.

MUNICIPAL CORPORATIONS: Severance of Territory—Evidence.
3  Evidence reviewed, and held sufficient to sustain the refusal of the trial court to sever territory.

*Appeal from Hardin District Court.*—R. M. WRIGHT, Judge.

TUESDAY, SEPTEMBER 19, 1916.

THIS is an action for severance of territory claimed to have been tried as in equity upon the petition of plaintiff and without pleading by the defendant. The judgment was against the plaintiff, and the territory sought to be severed was retained within the town. Plaintiff S. H. Callaway appeals.—*Affirmed.*

*E. H. Lundy* and *Dean W. Peisen,* for appellant.

*C. H. Van Law* and *Williams & Huff,* for appellee.

SALINGER, J.—I. Appellant says the matter was tried in equity. Appellee responds that it is triable at law. This is material on the method of review here. The petition makes no prayer, but the court, in deciding the matter, made the judgment for costs depend upon the statement that the petition was dismissed, evidently treating the dismissal as being a decision of the case. It is fairly clear that, while the matter is triable at law, it was treated as the trial of an equity suit. No rulings were made, and the court, instead of making an ordinary decision, orders a mere dismissal. Had he tried it as a law action, he would not simply have held that the matter was ended without prejudice, and that no decision was arrived at; and there is a statement of counsel for appellee that objections are made by him "even though this case is triable in equity." See *Steltzer v. Chicago, M. & St. P. R. Co.,* 167 Iowa 464.

1. APPEAL AND ERROR: review: scope and extent: theory in lower court.

The citations for appellant are these: In *Wilson v. City of Waterloo,* 138 Iowa 628, certain territory was severed. There were no streets or alleys through or abutting thereon; none of the land was needed for streets or alleys or for city purposes of any kind; no part of it was platted or ripe for platting; it is almost wholly surrounded by agricultural land, none of which is platted. The evidence tended to show that the territory was so incorporated for the purpose of

2. MUNICIPAL CORPORATIONS: severance of territory: review of authorities.

revenue only. We affirmed the judgment, which rested on the finding of a jury. In *Hanson v. City of Cresco,* 132 Iowa 533, the jury found against severance, but we reversed because the court instructed the jury that, if the territory was severed, the town would not be able to maintain a pesthouse on the severed territory, when the statute provides that a town may maintain a pesthouse outside of its limits. In *Evans v. City of Council Bluffs,* 65 Iowa 238, we affirm an order of severance. The evidence showed that the territory sought to be severed was used exclusively for agricultural and horticultural purposes, was never laid off in lots, and is remote from any part of the city which is so laid off. It was conceded that the land embraced in the petition is not liable for municipal taxes; there was no evidence that the growth of the city will in the near future render it necessary that the land in question should be platted as a part of the city; and we held that cities ought not to be permitted, against the will of the owners, and for the mere purpose of deriving revenue therefrom, to retain lands within their limits which are not needed for city purposes and which are not benefited by being within the corporation.

In *Monk v. Incorporated Town of George,* 86 Iowa 315, it appeared that the land had not been platted into lots; that only a small portion of the lots in the platted portion of the town were occupied; that portions of the land of the petitioner were low and occupied by sloughs; but that it was within one block of the business portion of the town, and if platted, a portion of it would be in demand for lots. It did not appear that the land was desired by the town merely for revenue purposes, nor that the taxes were more than they would be outside the limits of the town, and we held that the denial of plaintiff's petition was not an abuse of discretion conferred upon courts and juries in such cases.

It appears here that there has never been an arrest made upon this land nor a violation of law committed on it. No

business or occupation save farming is carried on upon it; no occupation or business is conducted thereupon that properly belongs to a town as distinguished from the country. Appellant urges it would be too bad if there should be three houses outside of the town; and automobiles might run at a higher rate of speed than they could in the town proper. The weakness of the argument is shown by the statutes which forbid automobiles to drive any faster at any point than is consistent with the safety first rule.

3. MUNICIPAL CORPORATIONS: severance of territory: evidence.

Appellee submits:

*Christ v. City of Webster City*, 105 Iowa 119, which holds that the owners of unplatted and exclusively agricultural land within the limits of a city are not, as a matter of law, entitled to have such land severed from the city on the claim that it is not needed for any possible increase of the city's population; that they are prejudiced by being taxed on a higher valuation than similar farm lands outside of the city, and do not receive a due proportion of benefit therefrom, and that they are deprived of school advantages which they would enjoy if the land were severed from the city; that such facts do not warrant the setting aside a verdict for the city.

*Johnson v. Incorporated Town of Forest City*, 129 Iowa 51, is that, in an action to sever outlying territory from the boundaries of a municipality, the primary inquiries are, Will the territory be reasonably required in the future growth of the town, and should it be retained for sanitary and police purposes? and that these are questions for the court or jury, and, in the absence of an abuse of discretion, the finding will not be disturbed; and the evidence is held to support a finding against severance.

In *In re Town of LeRoy*, 135 Iowa 562, the territory included in the corporation is about three fourths of a mile in length and less than one-half mile wide. If the prayer of the petition had been granted, the incorporated territory would be reduced to one-half mile in length, by three fourths

of a mile in width, all of which has been platted into small residences and business lots. We said:

"The proceeding is at law, and the central question at issue is one of fact, and if there be any evidence on which the judgment below can be fairly sustained, we are not authorized to interfere with it. No such want of evidence is disclosed in the record."

Though we treat this as review *de novo,* we do not find warrant for setting aside the conclusion of the trial court, and its judgment is therefore—*Affirmed.*

EVANS, C. J., LADD and GAYNOR, JJ., concur.