H. H. LORIMOR et al., Appellees, v. INCORPORATED TOWN OF LORIMOR, Appellant.

**MUNICIPAL CORPORATIONS:** Severance of Territory—Jurisdiction.
1  In a proceeding for the severance of territory from a city or town, (1) the petition need not be filed four weeks preceding the succeeding term of court, nor (2) need the notice recite the *reason* for the severance, nor (3) need all the inhabitants be made party plaintiffs or defendants.

**MUNICIPAL CORPORATIONS:** Severance of Territory—Nature of
2  Proceedings. A proceeding for the severance of territory from a city or town is "at law."

**MUNICIPAL CORPORATIONS:** Severance of Territory—Review.
3  Record held to support an order severing certain territory from a town.

*Appeal from Union District Court.*—Homer A. Fuller, Judge.

OCTOBER 16, 1923.

Action under the statute, for severance of certain territory from the incorporated town of Lorimor. The relief prayed for was granted by order of the court, and the town appeals.—*Affirmed.*

*Frank Wisdom* and *Higbee & McEniry,* for appellant.

*A. Ray Maxwell, George A. Johnston,* and *O. M. Slaymaker,* for appellees.

Faville, J.—It appears that the town of Lorimor was incorporated in the year 1892. As originally incorporated, it comprised four sections of land in a square form, except an eighty-acre tract in each of the four corners. It therefore contained 2,240 acres. By this action it is sought to sever from the corporate limits of the town 1,910 acres, leaving the corporate area to consist of but 330 acres.

The general reasons urged for the claimed right of severance are that the land sought to be set apart from the corporation is wholly adapted to and used for agricultural purposes, and is not needed for any municipal purpose or use, and that said land derives no benefit because of its inclusion within the corporation, and is improperly taxed in said corporation.

I.   The first question urged by appellant is the claim that the district court had no jurisdiction of the subject-matter of the action or of the appellant or of the inhabitants of said town.

The statute governing proceedings of this kind is as follows:

"Sec. 622.   When the inhabitants of a part of any town or city, whether the same is or is not laid out in lots and blocks, desire to have the part thereof in which they reside severed therefrom, they may apply by petition in writing, signed by a majority of the resident property holders of that part of the territory of such city or town, to the district court of the county, which petition shall describe the territory proposed to be severed, and have attached thereto a plat thereof, and shall name

the person or persons authorized to act in behalf of the petitioners in the prosecution of said petition.

"Sec. 623.    Notice of the filing of the same shall be given by publication in a newspaper published in said city or town, or by posting a notice of the same in five public places therein, four weeks previous to the succeeding term of court, which notice shall contain the substance of said petition, and state the term of court at which the hearing thereof will be had.

"Sec. 624.    The hearing of said petition may be had by the court, or either party may demand a jury, and the proper authorities of such city or town, or any person interested in the subject-matter of said petition, may appear and contest the granting of the same.    Affidavits in support of or against said petition may be submitted and examined by the court or jury, and the court may, in its discretion, permit the agent or agents named in the petition to amend or change the same, except that no amendment shall be permitted whereby the territory embraced in said petition shall be increased or diminished, without continuing the case to the next term, and requiring new notice to be given as above provided."

The proceeding being wholly statutory, the requirements, in order to confer jurisdiction either of the subject-matter or of the persons, must be complied with.    *Estrem v. Town of Slater*, 181 Iowa 920.

The original notice of said action is as follows:

"In the District Court of the State of Iowa in and for Union County, August Term, A. D. 1921.    H. H. Lorimor, Sarah J. Reid, J. E. Hamilton, C. W. Thompson, Will Cochran, V. L. Erickson, Jesse Erickson, M. G. Hammans, S. M. Faun, Rose Morris, John Luke, John Emerson, W. A. Perry, George Boling, Opal Boling, C. C. McMains, Plaintiffs, vs. The Incorporated Town of Lorimor, Iowa.

"To the Incorporated Town of Lorimor, Union County, Iowa, and the Inhabitants Thereof:

"You and each of you are hereby notified that there will be on file in the office of the clerk of the district court of the state of Iowa in and for Union County, on or before the first day of August, 1921, the petition of the above named plaintiffs pray-

ing for the severance of the following described real estate„from said incorporated town of Lorimor, Union County, Iowa, to wit: [description follows.]

"And alleging that said territory is included within the corporate limits of said town only for the purpose of revenue. That said petitioners have nominated and appointed H. H. Lorimor to represent them in said proceeding, and have authorized him to act on their behalf in the prosecution of their petition.

"For further particulars you are referred to petition when filed.

"You are further notified that unless you appear thereto and defend on or before noon of the second day of the August, 1921, term of said court, to be held in Creston, Iowa, commencing on the 22nd day of August, 1921, a default will be entered against you and judgment and decree rendered as prayed."

Appellant's contention is that Section 623, when properly construed, requires that the petition must be filed at least four weeks before the succeeding term, and that the notice should specify that the petition will be on file for such length of time

The statute does not require that the petition shall be filed for a period of four weeks previous to the succeeding term, but only that the notice must be published for that length of time. In this case, the notice was published for the 1. MUNICIPAL COR- time provided by the statute. The petition was PORATIONS: severance of on file within the time named in the notice, territory: jurisdiction. which was more than ten days before the term. In fact, it was on file for a period of four weeks, having been filed July 20, 1921.

It is next urged that the notice is insufficient, in that it does not contain the "substance of the petition." Appellant contends that the notice should set out the particular grounds upon which the petitioners based their claim to the right of severance.

The notice could well have been amplified, but we think there was such substantial compliance with the provisions of the statute as to give the court jurisdiction of the subject-matter. It correctly described the territory sought to be severed. It re-

cited, that the petition alleged that said territory is included within the corporate limits of said town only for purposes of revenue, which was a correct recital. It contained the not uncommon statement: "For further particulars you are referred to petition when filed."

In *Luick v. Incorporated Town of Belmond*, 109 Iowa 361, we considered a similar question, construing Section 440 of the Code of 1873, which is recodified without substantial change in Section 622, supra. We therein said:

"Said Section 440 does not require that the reasons for desiring the severance shall be stated, and we think, in view of other provisions of the statute for this proceeding, that it was not intended that the ordinary rules of pleading should apply in such cases. If it were otherwise, the appellant has no cause to complain, as it did not ask that the petition be made more specific, but went to trial upon it as it was."

The statute has not been changed in this regard. It does not now require that the reasons for desiring the severance shall be stated in the petition, nor that the substance of the same shall be stated in the notice. The *reasons* alleged in the petition as grounds why the severance was sought might have been omitted therefrom without rendering the petition fatally defective, and a notice stating the substance of the essential parts of such a petition was sufficient to confer jurisdiction. The petition in this case was sufficient, and the notice was sufficient.

Again, it is urged by the appellant that the notice is insufficient because it did not "state the term of court at which the hearing thereof will be had."

This contention is hypercritical and without merit. The notice contains the caption, "In the District Court of the State of Iowa in and for Union County, August Term, 1921." It concludes with the notice that the parties are required "to appear thereto and defend on or before noon of the second day of the August term of said court, to be held at Creston, Iowa, commencing the 22nd day of August, 1921." This was sufficient to advise the interested parties that appearance should be had before noon of the second day of the August term, 1921, of the district court of Union County, Iowa, that would be held at Creston, Iowa, commencing the 22d day of August, 1921.

It is next objected that the notice did not state that there would be a "hearing" at the next term of court, but merely that a default would be entered.    This objection is likewise hypercritical, technical, and without merit.

It is further contended that the notice is insufficient and that the court did not acquire jurisdiction, because "the inhabitants of Lorimor" were not made parties defendants.

The notice was addressed, "To the Incorporated Town of Lorimor, Union County, Iowa, and the Inhabitants Thereof," and stated, "You and each of you are hereby notified," etc. The petition was entitled, "H. H. Lorimor, et al., plaintiff, v. Incorporated Town of Lorimor, Iowa, defendant."

The statute makes no provision in terms as to how the petition or the notice shall be entitled, except that the petition "shall name the person or persons authorized to act in behalf of the petitioners in the prosecution of said petition." Section 624 provides that "the proper authorities of such city or town, or *any person* interested in the subject-matter of said petition, may appear and contest the granting of the same." The statute does not contemplate that each and all of the inhabitants of the town shall be made parties by name.

The notice and the petition were in substantial compliance with the provisions of the statute.

Again, it is contended that the notice is defective in that it provides for the entry of a "default" on failure to appear. This objection is also without merit. In an action of this kind, whether a default was or was not entered, the court could not enter a judgment without requiring the petitioners to produce proof in support of the allegations of the petition.

None of the objections urged by the appellant to the jurisdiction of the court are meritorious.

II.    Appellant contends that the action is in equity, and triable in this court *de novo*.

Code Section 624 provides that the hearing "may be had by the court, or either party may demand a jury." It also provides that affidavits in support of or against the petition may be submitted and examined by the court or jury. An action of this kind is in the nature of a special proceeding, and is to

2. MUNICIPAL COR-
PORATIONS:
severance
of territory:
nature of pro-
ceedings.

be had without the usual technical formality that attaches to ordinary trials. *Wilson v. City of Waterloo,* 138 Iowa 628.

In the case of *In re Town of Le Roy,* 135 Iowa 562, we said:

"The proceeding is at law, and the central question at issue is one of fact, and if there be any evidence on which the judgment below can be fairly sustained, we are not authorized to interfere with it."

In *Platt P. & F. B. Co. v. Incorporated Town of Van Meter,* 170 Iowa 509, we held that the action was at law, and that the judgment of the trial court upon the facts had the effect of the verdict of a jury. See, also, *Ashley v. Town of Calliope,* 71 Iowa 466; *Johnson v. Incorporated Town of Forest City,* 129 Iowa 51. This declaration was approved by us in *In re Town of Union,* 177 Iowa 402.

In the latter case, we held that, the action having been tried as in equity in the trial court, it would be triable *de novo* in this court. Such, however, is not the situation in the instant case. The waiver of a jury by the parties and an agreement to submit the case upon affidavits, instead of oral proof, did not change the trial from a law action to one in equity.

III. The action is at law, and the question for us to determine is not whether, on the evidence submitted, we would have reached the conclusion which the trial court did, but whether an abuse of legal discretion on the part of the trial court is shown which warrants interference on our part. *Monk v. Incorporated Town of George,* 86 Iowa 315; *Ashley v. Town of Calliope,* supra; *Platt P. & F. B. Co. v. Incorporated Town of Van Meter,* supra.

3. MUNICIPAL COR-
PORATIONS:
severance of
territory: re-
view.

As before stated, the town, as originally incorporated, in 1892, contained an area of 2,240 acres. It appears that the population has somewhat fluctuated. In 1905, it reached its highest point, of 722 inhabitants. In 1920, there were 678 inhabitants; and at the time of the trial, it appeared that the population was approximately that number.

With one or two exceptions, all of the property owners residing in the seceding territory desire the severance. The corporate limits are coextensive with the limits of the independent school district of Lorimor. A modern school building has been

erected in said town, at a cost of approximately $30,000.   There is a public park, situated a short distance from the limits of the town.   It appears that the town is located upon high ground, and that it has neither sewer nor waterworks' systems.   There are no natural resources of mineral products in or near the town, from which future expansion and industrial development may reasonably be expected.   The town is surrounded by a farming community, and all of the severed territory is devoted to agricultural purposes.   Of the 330 acres left in the town by the judgment of the trial court, approximately 156 acres are platted into additions, and 174 acres are still unplatted.   There has been only one residence built in the town during approximately a year and a half prior to the trial of the case, and no business building had been built in said town for several years prior thereto.   The town owns no part of the severed territory, nor does it use the same for any purpose, such as a cemetery, park, or other similar public purpose.

The town has a set of ordinances containing police regulations for the protection of the inhabitants of said town and their property.   At the time of the trial, the town had one police officer, who was on duty during the nighttime, and patroled the business section of the town.   The police officer, it appears, never patroled any portion of the severed territory, and no arrest had been made within that territory within a period of five years prior to the trial, if at any time since the town was incorporated.

By the severance, the limits of the public park will be only approximately 200 feet from the west line of the corporation, and the schoolhouse will be some eight or ten rods from the corporation line.

Much evidence was offered with regard to the question of taxation.   It appears that the heaviest burden of taxation is for the support of the public school, and it is conceded that the severed territory will not be affected, in so far as school taxes are concerned.   We have not attempted to set out all the matters shown in the evidence, but have considered them all.

We are persuaded from the record that the question of taxation is really the bone of contention between the parties in this proceeding.   It is not, however, the sole determining factor in an action of this kind.   If the real purpose of the appellant

in seeking to hold the territory within the corporate limits is to derive income therefrom by way of taxation, then the land should be relieved of this burden. However, the petitioners should not be allowed to secede from the corporation limits of the town for the sole purpose of escaping taxation, if it appears from the evidence that the territory in question is reasonably needed for public purposes. In such event, the owners should pay their full and just proportion of the public burdens. *Evans v. City of Council Bluffs,* 65 Iowa 238; *Ashley v. Town of Calliope,* supra; *Platt P. & F. B. Co. v. Incorporated Town of Van Meter,* supra; *Christ v. City of Webster City,* 105 Iowa 119; *Johnson v. Incorporated Town of Forest City,* supra; *In re Town of Le Roy,* supra; *Monk v. Incorporated Town of George,* supra.

We are constrained to concur in the conclusion of the trial court that none of the severed lands are needed for purposes of extension of the incorporated town, nor for any sanitary purposes or police protection, and that said lands do not receive a substantial benefit by being retained within the corporate limits, and that, under all of the facts and circumstances, as disclosed by the record, these agricultural lands should properly be severed from the incorporated town.

We fail to find from the record that the trial court has abused his discretion in said matter. The conclusion arrived at has ample support in the evidence, and we would not be justified in interfering with the judgment rendered. It must, therefore, be, and it is,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.